Comstock, Ch. J.
 

 The situation of the several defendants and their relations to the controversy are as follows: Savage was the mortgagor and was personally bound for the payment of the debt. McKay was the purchaser of the premises subject to the mortgage, but in his answer he insisted that all his right and title had passed to the defendant Steele under the tax sale. Steele was the purchaser at the tax sale, and in his answer he claims to have acquired by that purchase a title to a portion of the premises which overreached the mortgage. Savage, the mortgagor, did not answer the complaint.
 

 Upon this state of facts alone, and laying out of view the question of counterclaim on the plaintiffs’ covenants of warranty, the plaintiffs were entitled to the usual decree of foreclosure and sale in respect to so much of the premises as Steele did not claim, and for the deficiency against Savage. ¡None of the defendants could resist or complain of such a decree. Savage could not, because he made no defence. McKay could not, because in effect he disclaimed all interest in the land. Steele could not, because he only claimed the part which would not be affected by such a decree. Such is in fact the decree actually pronounced, and so far there is plainly no ground for the present appeal of McKay.
 

 But the decree directs the sale of the whole premises, as well the part claimed as that not claimed by Steele in hostility to the mortgage, while at the same time it dismisses the
 
 *194
 
 complaint as to him with costs, leaving the question of title, however, open between him and the person who should purchase at the sale. The reasons are not apparent for such a disposition of the case. The referee found the facts to be true which Steele averred in his answer relating to the tax sale and his own title under it. If, then, Steele thus acquired a paramount.title, he had a right to claim an unqualified decision in his favor. If otherwise, then the plaintiffs were entitled to an unqualified foreclosure and sale, There is, however, nothing in this disposition of the controversy between the plaintiff and Steele of which McKay can complain. He shows no interest in himself which is at all affected, and so far therefore there is no ground for his appeal. This becomes still plainer when we consider that notwithstanding the tax sale by which he claims to have .been divested of his title, the mortgage may nevertheless remain a valid lien on the whole premises, and the plaintiffs may have a right as against the purchaser at that sale to foreclose and sell the-whole. (1 R. S., 937, §§ 112 to 119, 5th ed.) McKay fails to aver in his answer that the notice was given which the statute prescribes in order to cut off the mortgage. If, therefore, a judgment might have been pronounced, as is plainly the case upon his answer, for an absolute salé of the premises. which would foreclose the rights of Steele,, he surely cannot complain of one which directed the sale without foreclosing those rights. The plaintiffs and Steele might each have a regular appeal because their rights were hot more fully adjudicated, but McKay has no interest in that question.
 

 It is said that McKay, on purchasing the premises from Savage, assumed and agreed to pay the plaintiffs’ mortgage, and that he ought to be relieved from that liability in consequence of the eviction under the tax title of Steele. But there is nothing in the decree which can affect hig rights in this respect. Upon his own showing he stands in the relation of indemnitor to Savage, so that if the liability of Savage upon his bond shall be enforced, a cause of suit will arise against himself. The neglect of Savage to answer and the judgment against him by reason of that default, do not affect the question.- McKay
 
 *195
 
 cannot be prejudiced by that j'udgment. His own answer may perhaps exhibit facts which ought to exonerate Savage from any further liability for the purchase money of the premises. But if Savage did not for himself choose to interpose that defence, he must take the consequences and he alone. He cannot resort to McKay without proving the liability. ■ His own default, and the judgment thereon against him, will not establish it against another party.
 

 The appellant’s answer, the truth of which he. offered to prove, shows that he is the assignee of all the covenants contained in the conveyance of the plaintiff to Savage, among which are the covenants against incumbrances and for quiet enjoyment. These were broken, he insists, by the eviction at the suit of Steele under the tax title, and he claims that the facts constitute a counterclaim which should have been tried and determined in his favor. But I think this point is not well taken.
 
 A
 
 counterclaim must be one “ existing in favor of a defendant, and against a plaintiff between whom, a several judgment might be had in the action.” Upon McKay’s own statement which he offered to verify, I do not see that anything was in litigation between him and the plaintiffs, or that any judgment could be rendered against him except one for costs for interposing a groundless defence to "the suit. According to the answer no cause of action existed against him. 'The complaint claimed nothing against him personally, and stated no facts as the foundation of such a decree. The answer showed that he had no title or interest in the mortgaged premises to be affected by the decree. His defence, therefore, must be deemed to have been put in for the mere purpose of establishing a legal cause for an independent suit on the plaintiffs’ covenants, without any demand against himself being at all involved in the controversy. Without undertaking at this time to expound the provisions of the Code which relate to counterclaim, I am satisfied they do not1 apply to such a case as this. Of course'the claim could only be enforced in this case by a judgment in the-appellant’s favor for the damages sustained in consequence of the eviction. But the plaintiffs might," notwithstanding such a
 
 *196
 
 judgment, be -entitled to the decree -for foreclosure and sale Which they have -obtained. The alleged counterclaim does not ■impair or affect the right -to that -relief. I -apprehend that a •counterclaim, 'when '-established, must in some way qualify or ■must defeat the judgment to which a -plaintiff is otherwise entitled. In a foreclosure suit a defendant who is personally liable for thfe-debt, Or whose land is bound-by the lien, may probably introduce an off-set to reduce or extinguish the claim. But where his 'personal liability is not-in question, and where he disclaims all 'interest in the mortgaged premises, I do not see how he can demand a judgment against the plaintiff on a note, a bond, or ■a covenant. Such is virtually this case. The appellant has, ■as he insists, a-cause of action against the plaintiffs upon a broken covenant, but that-cause of action, if it exists, does not ■enable him-to resist or modify the relief to which the plaintiffs ' are6 entitled. I think -the. j udgment' should be affirmed.
 

 ClÉRKE,. J., also -delivered an opinion in favor of affirmance, And-'all the judges ■ concurred.
 

 Judgment affirrried.