MARIA J. FAGAN, ADMINISTRATRIX OF STEPHEN FAGAN, APPELLANT, VS. GEORGE L. BARNES, SHERIFF, ET AL.

1. The entry of a judgment against a party who had appeared without giving the eight days notice required by paragraph 2 of Section 194 of the Code, and without proof that no answer had been received, is irregular. This irregularity and the peculiar circumstances of this case justified the Court in opening the judgment entered herein.

2. It is improper to unite an action for specific performance against one party, and an action of ejectment against another, in the same suit. Where, making a person a party defendant to a complaint seeking a specific performance has this effect, a motion to be made a party defendant should be denied.

3. The general rule is, that new parties defendant should not be brought in against the will of the plaintiff, unless the presence of such new parties is necessary to the determination of the action.

4. To a complaint for the specific performance of a contract, the parties to the contract are generally the only proper parties.

Appeal from the Circuit Court, Fifth Judicial Circuit, Alachua county.

A statement of the case is contained in the opinion of the court.

*O. A. Myers* and *C. P. Crawford* for Appellants.
*Finley & Finley* for Respondent.

WESTCOTT, J., delivered the opinion of the court.

This complaint is brought by Maria Fagan, administratrix of Stephen Fagan, deceased, against George L. Barnes, Sheriff, and ex-officio administrator of Daniel B. Coker.

Plaintiff alleges that in January, 1865, Daniel B. Coker, in consideration of $4,500, agreed for himself, his heirs, executors, administrators and assigns, to convey to Stephen Fagan, his heirs, executors, administrators and assigns, a tract of land containing 360 acres, lying in sections 1, 2, 12 and 8, township eight, South, range 18, East, the said Coker binding himself, his heirs, administrators and executors, to make good and lawful warrantee titles to said Fagan, his heirs, executors, administrators. That in pursuance of said agreement, said Coker executed and delivered a deed to said Fagan in February, 1865 ; that the said deed was recorded February 24th, 1870. That said deed, through clerical error and mistake, mis-described the land embraced in the original contract, all of which lies in range eighteen, while the said deed describes land situated in range nineteen. The judgment prayed is that the administrator of Coker may be decreed to execute a deed in conformity to the original contract. It appears that John D. Young, who claimed an interest in these lands, was, after notice of motion to that effect, made a party defendant to the complaint. There is nothing in the record to show the character of the interest he claims except a statement that he has a deed for the same lands from one John D. Coker, and that he is an adverse claimant. This appears by way of recitation in certain motions. Plaintiff's attorneys, after notice to Young's attorneys, move to vacate this order, which motion is overruled. At a subsequent day, there being no answer or demurrer filed, the bill was taken as confessed, a judgment was entered which directed execution of a deed by Coder's administrator to Fagin's administratrix, conformable to the original contract, and such deed was executed on the 14th of November, 1870.

On the 24th of March, 1871, Young's attorney after notice entered a motion to open the decree and allow Young to answer the complaint therein, upon the ground that they were misinformed by the Clerk as to the decision of the court upon their motion to be made a party defendant, and because complainant took judgment without giving the notice required by the statute. This motion was granted by the court, its action was excepted to by plaintiff's attorneys, and from this order this appeal is prosecuted.

The return before the court discloses nothing in reference to the interest of Young beyond the fact that he held a deed recorded on the 2d day of December, 1869, from one John D. Coker, to the land described in complainant's bill.

In this case there was judgment for want of an answer. John D. Young having, before the rendition of the judgment, been made a party defendant to the suit upon his own motion, was necessarily a party to the judgment. George L. Barnes, the original defendant, as a matter of course was a party to the judgment. The Code provides that judgment on failure of defendant to answer the complaint may be had upon filing proof of personal service of the summons and complaint, or of the summons according to the provisions of Sec. 81, and that no answer has been received. The defendant, Young, had "appeared in the action before the expiration of the time for answering," within the meaning of par. 2, Sec. 194, of the Code, having been made a party on his own motion.

It is unnecessary to decide whether, under the peculiar circumstances of this case, any proof of service of summons or complaint as to him was necessary, and we only say that the eight days notice should have been given, as well as proof that an answer had not been received. The entry of the judgment against Young being without the notice and without any proof that an answer had not been received, justified the court, under the peculiar circumstances of the case, in opening the judgment, not, however, for the purpose of per-

Maria J. Fagan v. Geo. L. Barnes.

mitting him to answer the complaint. While the order of the court so far as it opens the judgment must be sustained, at the same time such portion of the order as authorized John D. Young to answer the complaint, cannot be sustained.

In this suit A. seeks of B. the specific performance of an agreement to execute a deed to certain lands ; C. is made a party defendant on his own motion to the suit, against the wish of the plaintiff and without the consent of the defendant, upon the ground that he has a deed to the same lands from E. The question to be decided between A. and B. is not one of title, and you cannot unite an action for specific performance against one party and an action of ejectment against another. A. sets up no title, and all he seeks is to make B. transfer to him whatever interest or title he has in the estate, in accordance with his agreement so to do. Can it be said that C. has an interest in any way affecting this controversy, when he claims that he has a deed to the same lands from D. ? Suppose he is made a party defendant, can he as defendant get a judgment settling the question of title between himself and the plaintiff, or can he in the event he shows that he has a deed from all of the community except B., present a decree against B. to comply with his agreement and execute a deed to A. ?

As the complaint stands, it discloses no interest in D. Is it to be amended contrary to the wish of the plaintiff so as to make a case against some other party, or is this defendant to become an actor and prosecute an independent suit against the plaintiff? It is certainly not necessary that he should be a party in order to a complete determination of the question whether B. shall execute a deed to A. That he has a deed from D. has nothing to do with the question. The general rule is, that the court should not order new parties defendant to be brought in against the will of the plaintiff, unless the presence of such new parties is necessary to the determination of the action. Voor. 114, 3 Duer, 647. As

remarked by the Court of Appeals of New York, in a case where a person, not a party to the contract, was sought to be made a defendant to the action, (17 N. Y., 129,) seeking specific performance, this defendant has no interest in the question of the making of the contract, and the right of the plaintiff to a conveyance, and no relief is prayed against him. In the case of Tasker vs. Small, 3 Mylne & Craig, 63, Lord Cottenham, speaking of this subject, remarks:

"Generally, to a bill for a specific performance of a contract of sale, the parties to the contract are the only proper parties; and when the ground of the jurisdiction of courts of equity in suits of that kind is considered, it could not properly be otherwise. The court assumes jurisdiction in such cases because a court of law, giving damages only for the non-performance of a contract, in many cases does not afford an adequate remedy, but in equity as well as in law, the contract constitutes the right and regulates the liabilities of the parties; and the object of both proceedings is to place the party complaining, as nearly as possible, in the same situation as the defendant had agreed that he should be placed in. It is obvious that persons, strangers to the contract, and therefore neither entitled to the rights nor subject to the liabilities which arise out of it, are as much strangers to a proceeding to enforce the execution of it as they are to a proceeding to recover damages for the breach of it." 17 N. Y., 255; 10 Simons, 314; Fry on Specific Performance, par. 79; 5 Beav., 186; 2 Wheat., 290; 1 Sandf. Ch'y, 46; 3 Hen. & Munf. 316.

There is an exception to this general rule in some cases where, subsequently to the contract, another person with notice of the purchaser's rights has acquired an interest under the vendor, the plaintiff has been allowed sometimes to join such persons as defendant. 1 Coll., 225. This case is not embraced in the exceptions.

In the present case the party seeks to be made a defendant

against the wish of the plaintiff. The general rule under the Code is that the Court should not order new parties defendant to be brought in against the will of the plaintiff, unless the presence of such new party is necessary to the determination of the action. In cases where the recovery of specific property is sought, I am inclined to think that wherever, under the old rule, a party would be permitted to intervene by petition, to be examined *pro interesse suo*, (Dan'l Chy., 1,074,) he would now be made a defendant, and he would to some extent become an actor. From the character of some of the cases brought to this Court, and this is among that number, it seems to be the impression that the effect of the Code is to totally abolish the old rules as to misjoinder of parties and subjects of action, and that it is only in extraordinary cases that those objections will hold. But a very casual examination of the decisions of the Court of Appeals of New York on this subject will remove such an impression. There are some exceptions, it is true, but the general rule is about the same now as it was before the Code.

We remark, for the information of the plaintiff in the court below, that an examination of the return sent to this Court discloses no evidence of service of summons upon defendant Barnes, or of waiver thereof. From the record now before this Court, it is doubtful whether the Circuit Court ever acquired jurisdiction of the action as to him. This apparent defect in the record, as well as the necessity for vacating the order, makes it necessary that we should affirm the order setting the judgment aside as to both parties defendant, leaving the plaintiff to take such course as he may be advised.

So much of the order of the court below as opens the judgment rendered in this cause, is affirmed.

So much of the order as authorizes John D. Young to answer the complaint is set aside and reversed.

The case is remanded, with directions to vacate and set

aside the order making John D. Young a party defendant, and for such other proceedings as are conformable to law.

As there have been errors upon the part of each party to the appeal, it is ordered that the costs be taxed against Fagin, administratrix, and Young, in equal proportions.