# HECKMAN *v.* SWARTZ.

*(Supreme Court of Wisconsin—Appeal from Circuit Court of Green County.)*

COUNTER-CLAIM. To an action to recover money obtained by duress of imprisonment upon a void warrant for fornication with the daughter of the defendant, when such a charge was groundless, and a mere pretext to obtain the money, the defendant cannot set up a counter-claim for the loss of services of such daughter, though an infant, and for care and medical attendance, on account of the plaintiff having debauched such daughter and begotten upon her a bastard child.

ORTON, J. The complaint charges the defendant with having obtained from the plaintiff the sum of $1,650, by duress of imprisonment upon a void warrant for fornication with one Mary Jane Swartz, the daughter of said defendant, and by threats of future and further prosecution for the same. The answer sets up a counter-claim for the debauchery of said Mary Jane, as the infant daughter of the defendant, and for begetting a bastard child upon her, by which said defendant has lost her services and been put to expense for care and medical attendance.

To this counter-claim there was a demurrer that the cause of action stated therein is not pleadable as a counter-claim to said action, and said demurrer was overruled.

This counter-claim is sought to be upheld by Sub. 1 of Sec. 2656 R. S., as "a cause of action arising out of the transaction set forth in the complaint, as the foundation of the plaintiff's claim or connected with the subject of the action." It is almost too clear for argument that this counter-claim does not arise out of the transaction set forth in the complaint, and that it is not connected with the subject of the action, for the transaction set forth is the duress of imprisonment and threats by which the defendant obtained the money of the plaintiff, and the subject of the action is the same, and the charge in the warrant of fornication, is denied and alleged to be a mere pretext for the purpose of obtaining the money. The counter claim in *Noonan* v. *Orton*, 30 Wis., 356, comes much nearer to one, arising out of the transaction and connected with the subject of the action, and it was held not within the statute.

A counter-claim under these clauses of the statute must be something which resists or modifies the plaintiff's claim. It is in the nature of a cross bill in equity. It embraces both recoupment and set-off. To be available to a party, it must afford to

him protection in some way against the plaintiff's demand for judgment.    7 Waits Ac. and Def., 531; *Leavenworth* v. *Packer*, 52 Barb., 132; *Vasser* v. *Livingston*, 13 N. Y., 248; *Pattison* v. *Richards*, 22 Barb., 143; *Mattoon* v. *Baker*, 24 How., (N. Y.) 329; *National F. Ins. Co.* v. *McKay*, 21 N. Y., 191.

In *Dietrich* v. *Koch*, 35 Wis., 618, this Court has adopted the above tests of a counter-claim, and the language of the opinion in *Ins. Co.* v. *McKay, supra*, is approvingly quoted in the opinion of Mr. Justice Lyon, as follows: "I apprehend that a counter-claim, when established, must in some way qualify or must defeat the judgment to which the plaintiff is otherwise entitled," and it is then said in the opinion, "that the New York Courts have held correctly on this subject we entertain no doubt whatever.   We are unable to perceive that the counter-claim here interposed, if established, can qualify or in any manner affect the plaintiff's cause of action."   This language is strictly applicable to the counter-claim interposed to this action.   The plaintiff's claim to recover the money obtained from him by duress is entirely exclusive and independent of anything set up in this part of the answer, and he is entitled to judgment for the whole thereof, notwithstanding anything stated therein.   There is no possible connection between the cause of action in the complaint and the counter-claim.   This counter-claim cannot be sustained outside of the statute, upon principles of equity, for neither the action or counter-claim is in any sense equitable.   The insolvency of the plaintiff, if allowed in this case as a reason for sustaining the counter-claim, would be sufficient to sustain any independent cause of action as such.   The demurrer to the counter-claim ought to have been sustained.

The order of the Circuit Court is reversed, and the cause remanded for further proceedings according to law.—*Wisconsin Legal News.*