[L. A. No. 537.  Department Two.—October 18, 1899.]

## EAST RIVERSIDE IRRIGATION DISTRICT, Appellant, v. F. L. HOLCOMB, Sheriff, et al., Respondents.

INJUNCTION—EXECUTION BY SHERIFF—PARTIES DEFENDANT—PLAINTIFFS IN EXECUTION.—In an action to enjoin a sheriff from proceeding under a writ of execution to cut a hole in a water pipe belonging to plaintiff, who was not a party to the suit in which the execution was issued, the plaintiffs therein, though not necessary parties defendant, under section 389 of the Code of Civil Procedure, may be allowed to appear as codefendants, to assist the sheriff in defending the injunction suit; and, so long as they make no defense which the sheriff could not make, the plaintiff is not prejudiced.

ID.—RESTRICTION OF RIGHTS OF NEW PARTIES — NEW DEFENSES AND CAUSES OF ACTION.—As a general rule, a plaintiff is entitled to select the parties defendant, and new parties, not necessary, who are brought in as defendants against the will of the plaintiff, cannot be allowed to set up against him new defenses and affirmative causes of action which the original defendant could not

have set up, especially if the granting of the relief sought by the complaint would not prejudice the new matters and causes of action set up by them.

ID.—CROSS-COMPLAINT BY NEW PARTIES — QUIETING TITLE TO WATER RIGHT.—In the injunction suit to restrain the sheriff from cutting the water pipe of plaintiff, the court could not properly permit the plaintiffs in execution, when made codefendants against the plaintiff's objection, to set up by a cross-complaint a cause of action in their favor (which the sheriff could not set up, and which was not involved in the original action, and constituted no defense thereto), to quiet their title, under an alleged contract with a water company, to run forty inches of water through the pipe of the plaintiff; and it is error to refuse to strike out such cross-complaint.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial.    John L. Campbell, Judge.

The facts are stated in the opinion of the court.

Charles R. Gray, for Appellant.

Bicknell, Gibson & Trask, and James A. Gibson, for Respondents.

McFARLAND, J.—This is an appeal by plaintiff from a judgment in favor of defendants, and from an order denying his motion for a new trial.    The cross-complaint of certain persons who may be designated as Fox and others, and who were brought in as defendants against the objection of plaintiff by order of court, and the findings of the court, are very voluminous and deal with a great many matters which would be difficult to briefly state; but these matters need not be noticed with any great detail, because, in our opinion, the court erred in allowing the cross-complaint to be filed and in dealing with the issues which it sought to raise.

The purpose of the action, as stated in plaintiff's complaint, is merely to enjoin the defendant Holcomb, as sheriff, from forcibly cutting a hole in a large water pipe of plaintiff, and placing or causing to flow in said pipe certain water.    The complaint merely states facts sufficient to entitle the plaintiff to the relief sought.    It is averred that the sheriff was about to cut the pipe as aforesaid at a point considerably below its head and

at an elevation sixty feet lower than said head, and that said threatened act of the sheriff would utterly ruin plaintiff's water system and prevent the water from flowing by gravity through the pipe to points below, where the water was supplied to customers. It was averred that the sheriff was about to do this thing by virtue of a writ of execution issued upon a judgment in a certain action brought by one Lewis against the said Fox and others, defendants, wherein, after various answers and cross-complaints, and the bringing in of new defendants, a judgment was entered in favor of said Fox and others against Mary W. Armstrong, P. A. Raynor, and others, decreeing that, as against said last-named defendants, Fox and others had the right to have thirty inches of water put into and carried through said pipe; that in the case at bar the sheriff threatens to do the acts complained of under the execution issued upon said judgment; that the present plaintiff was not a party to that action and is in no way bound thereby, and that the threatened acts of the defendant Holcomb, sheriff, would be, as against plaintiff, a willful and unlawful trespass. Therefore, the only issue tendered by the complaint is the right of the sheriff to proceed under said writ of execution to do the threatened acts.

The defendant Holcomb asked to have Fox and others brought in and made defendants; to this the plaintiff objected, but the court ordered them to be brought in, and plaintiff excepted to the order. Fox and others filed an answer in which some of the averments of the complaint were denied, and which may be construed, perhaps, as asserting the right of the sheriff to proceed under the execution. But, in addition, they filed a cross-complaint in which, leaving out of view the right of the sheriff to proceed under the execution, they set out an entirely new cause of action against the plaintiff, averring that by a certain written contract with another party called the Vivienda Water Company, and by various other facts set up, they had acquired a right to run thirty inches of water though the plaintiff's pipe, and also an additional ten inches of water, and prayed for a decree declaring their right as against the plaintiff to run forty inches of water through said pipe. This cause of action is entirely separate from and independent of the judgment in the said case of *Lewis v. Fox and others;* it constitutes, indeed, a

new action in the shape of a suit to quiet title, and leaves entirely out of sight the right of the sheriff to execute the writ, to prevent which was the only purpose of plaintiff's complaint. The plaintiff moved to strike out the cross-complaint, but his motion was denied, and the court entered into a full examination and determination of all the issues made by the cross-complaint, and entered judgment quieting the title of Fox and others to forty inches of water to be run into and through said pipe. Plaintiff excepted to the order of the court compelling Fox and others to be brought in as defendants, and to the order refusing to strike out the cross-complaint.

The questions here presented involve not only section 442 of the Code of Civil Procedure, which refers to cross-complaints, but also section 389, which deals with the matter of bringing in new parties, and section 387, which deals with the matter of intervention. Section 442 provides that when "the defendant" seeks affirmative relief "relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates," he may file a cross-complaint. In the case at bar, the cross-complaint certainly did not relate to or depend upon the transaction upon which the action was brought, namely, the execution under said judgment; and it is doubtful whether it could be considered as "affecting the property to which the action relates." But it is primarily applicable only to the defendant—that is, the person whom the plaintiff had originally made defendant. Before any other person could take advantage of the section, he must have been made a defendant for the purpose of filing a cross-complaint, and his cross-complaint must have been of such a character as would warrant the court to order him brought in for the purpose of filing it.

The first questions presented, therefore, are: 1. Could Fox and others, against plaintiff's will, be brought in as defendants at all—for any purpose? and 2. Could they be brought in for the purpose of allowing them to file their cross-complaint, and thus inaugurate practically a new action?

1. While it can hardly be said that, for any purpose, they were necessary parties, under section 389, still, as the writ which the sheriff was about to execute was in their favor, and they

were interested in resisting the attempt of the plaintiff to enjoin its execution, it was not improper to allow them to appear and assist the sheriff in defending the suit—upon the same principle that a landlord may be allowed to defend for a tenant, or one who has indemnified a defendant against damages for an act for which he has been sued may come in as a defendant to assist in the defense. Moreover, the plaintiff could not have been injured by such a course; Fox and others could perhaps have thus assisted the sheriff as effectually if they had not been made nominal defendants; and as long as they made no defense other than that which the original defendant could have made, plaintiff was not prejudiced.

2. But allowing Fox and others, by a cross-complaint, to set up new matters and causes of action not involved in the original suit—not defenses to the action, and not available at all to the original defendant—raises entirely different questions from the one first noticed. Decisions dealing directly with modern statutory cross-complaints, and declaring what parties may use them and for what purpose they may be used, are quite meager, and we have been referred to none which bear directly upon the question arising in the case at bar. The principles which govern are, however, to a great extent those which apply to interventions and counterclaims and the bringing in of new parties and those which would apply to cross-bills under the old equity practice. The general rule is, that a plaintiff may select those whom he desires to make defendants, and that new parties brought in against his will cannot be allowed to set up against him defenses and affirmative causes of action which the original defendant could not have set up; and this is especially so where the granting of the relief sought by the original complaint would not have prejudiced the other causes of action which the new parties seek to have adjudicated. Peculiar circumstances may make exceptions to the rule, but the general principle is as above stated. (*Fagan v. Barnes,* 14 Fla. 56; *Andrews v. Hobson,* 23 Ala. 239; *Daniel v. Morrison,* 6 Dana, 186; *National Fire Ins. Co. v. McKay,* 21 N. Y. 191; *Chapman v. Forbes,* 123 N. Y. 532.)

In *Daniel v. Morrison, supra,* it is said: "A cross-bill can be sustained only upon matters growing out of the original bill";

in *Andrews v. Hobson, supra,* that "it is well established that a cross-bill is a mode of defense to the original bill, and must be pertinent to that suit"; and in *Fagan v. Barnes, supra,* that "the general rule is, that the court will not order new parties defendant to be brought in against the will of the plaintiff, unless the presence of such new parties is necessary to the determination of the action." The case, however, of *Curran v. St. Charles Car Co.,* decided by Thayer, J., in the United States circuit court, and reported in 32 Fed. Rep. 835, is more nearly in point than any other which we have found. There the plaintiffs sued the defendant, the car company, to restrain an alleged infringement of certain letters patent—the alleged infringement consisting of using a certain apparatus for drying lumber. The Boston Blower Company asked to be made a party defendant upon the ground that it was the manufacturer of and had sold to the original defendant the alleged infringing apparatus—that is, the one single machine which it was using—and was under obligations to protect it from suits for infringement; and the Blower company was allowed upon this ground to come in as a defendant and assist in making the defense. But it also asked to file a cross-bill, in which it was alleged, in substance, that the plaintiffs were sending out circulars wherein they charged that the apparatus manufactured by the Blower company was an infringement of their patents, and threatened suits against all persons buying or using the same; and it was prayed that plaintiffs be enjoined from sending such circulars, bringing suits, et cetera. But the court refused to allow the cross-complaint, and said: "In this case, it will be observed that the corporation originally made a defendant could not maintain a cross-bill of this nature, because it is only a vendee of one machine and not entitled to the relief prayed for in the cross-bill. In my judgment, waiving any decision of the question whether the cross-bill presents grounds for equitable relief, the court ought not to permit a third party to come in as a defendant, and then file a cross-bill which the original defendant could not maintain even if it desired to do so. For that reason I shall deny the application of the Boston Blower Company for leave to file the cross-bill in question. I will permit it, however, to come in and be made

a party defendant, and to defend the claim that is preferred by Curran & Co. against the St. Charles Car Company. To that extent I think their motion should be granted, and they will have leave to be made a party defendant for that purpose."

In view of the foregoing principles and authorities the court erred in the case at bar in refusing to strike out the cross-complaint. For the purposes of the cross-complaint, Fox and others were neither necessary nor proper parties to the action; the original defendant had no interest in any of the matters which they sought to set up, and could not have availed himself of them as a defense, or for any purpose; the judgment against him restraining him as sheriff from executing the writ would not have prejudiced any right or title of the cross-complainants which was independent of the judgment in *Lewis v. Fox and others;* and to allow them, against the plaintiff's desire, to be brought in as new parties for the purpose of interjecting their new causes of action with all the questions which they involved into a simple suit to restrain the sheriff from executing a writ on one certain judgment, would be not only to violate plaintiff's rights, but to tolerate a confusion of pleading and practice not sanctioned by any authority to which our attention has been called. If the cross-complainants have any cause of action against the plaintiff not based on the Lewis judgment and execution, they can properly assert it in an independent action. For these reasons the judgment and order denying a new trial must be reversed; and when the case goes down the court should strike out the cross-complaint; and if the judgment in *Lewis v. Fox and others* be still in existence, the court should try and determine the single question whether the writ of execution issued on that judgment is enforceable against plaintiff; and, in determining that question, the rights of the parties which grow out of and are based on that judgment and execution should alone be considered.

The judgment and order appealed from are reversed, with directions to the court below to take further proceedings as indicated in this opinion.

Temple, J., and Henshaw, J., concurred.