## P. C. PETERSON, RESPONDENT, *v.* GEORGE T. BEAN, APPELLANT.

INJUNCTION — TO RESTRAIN TRESPASS — PLEADING — ANSWER — COUNTER-CLAIM— JUSTIFICATION — CONDEMNATION — FOR PUBLIC USE—IN CONTEMPLATION—GIVES NO RIGHT OF ENTRY—CANNOT BE HAD BY WAY OF COUNTERCLAIM— IN INJUNCTION PROCEEDING—DENIAL WITH EXCEPTION—HOW FAR AN ADMISSION.

*Injunction — To Restrain Trespass — Pleading — Answer — Counterclaim—Justification.*

In a proceeding for an injunction to restrain a trespass, it was alleged in the complaint, that plaintiff was the owner and in the possession of certain premises; that defendant had wrongfully and forcibly entered and committed a trespass thereon, and that unless restrained, by the order of the court, would continue to trespass upon said premises to the damage of plaintiff; the answer did not deny ownership and possession in the plaintiff, but did deny trespass except as in the counterclaim set forth; the counterclaim alleged a trespass for a certain purpose, alleged to be public in its nature, and claimed a right of eminent domain. *Held*, that upon the pleadings

plaintiff was entitled to recover damages unless the facts set up in the counterclaim justified the trespass. *Held, further,* that the facts alleged do not constitute a counterclaim or defense to plaintiff's action.

*Condemnation—For Public Use—In Contemplation—Gives no Right of Entry—Cannot be had by way of Counterclaim—In Injunction Proceeding.*

The mere fact that a person contemplates having certain land condemned for public use, or that such land is necessary for such use, gives him no right of entry prior to condemnation, and condemnation cannot be had by way of counterclaim in an action brought to restrain a trespass and for damages.

*Denial with Exception—How Far an Admission.*

A denial in an answer that the defendant wrongfully or forcibly committed the acts of trespass alleged in the complaint, *except as thereinafter stated,* is an admission of the facts so alleged.

(Decided May 4, 1900.)

Appeal from the Sixth District Court, Sevier County. Hon. W. M. McCarty, *Judge.*

Action for damages for trespass, and for a perpetual injunction, restraining defendant from entering upon plaintiff's land and constructing a ditch thereon. From a judgment for plaintiff defendant appealed. *Affirmed.*

*Messrs. King, Burton & King,* and *Grant C. Bagley, Esq.,* for appellant.

"Questions analogous to this one have frequently been before the courts, they have usually arisen over the construction of statutes authorizing the condemnation of property for railroad purposes, and the uniform holdings have been that when the terms of the statute have been general; that is simply authorizing the condemnation of land for railroad tracks, that this included (without the

direct provision) land upon which to erect necessary depot buildings, side-tracks and switches.

In other words, the courts have sought by their interpretation of the statutes to give them full force and effect and for that reason they have not hesitated to construe the provisions so as to make it possible for the company to properly and successfully operate their railroad lines. *Nashville & Chatanooga R. R. Co.* v. *Cowardine* 11 Humphs. 348; *State New Haven & D. R. Co.* v. *R. R. Com'rs*, 36 Conn. 308, Sc. 15 Atl. 756, 10 Am. & Eng. Ency. of Law, 2d Ed. p. 1055; *Downing* v. *More*, 12 Colo. 316; *Moran* v. *Ross*, 79 Cala. 159.

Under the statutes of this State, the enterprise sought to be engaged in by the defendant is public in its nature and, he had the right to condemn the right-of-way for his canal or ditch purposes, and for his power line. Revised Statutes, Sec. 3588.

The construction of Section 3841 of the Compiled Laws of Utah 1888, which provides that the right of eminent domain may be exercised in behalf of "steam and horse railroads" came before the Supreme Court of the Territory of Utah, in the case of *Ogden City Ry. Co.* v. *Ogden City, et al.*, 7 Utah, 208.

See also *Lake Pleasanton Water Co.* v. *Contra Costs Water Co.*, 67 Cal. 659; *Dayton Mining Co.* v. *Seawell*, 11 Nev. 399; *Overman S. M. Co.* v. *Corcoran*, 15 Nev. 151.

*J. B. Jennings, Esq.*, for respondent.

Section 3491 Rev. Statutes of Utah, 1898, reads: Before property can be taken, it must appear that the use to which it is to be applied, is a use authorized by law." The trial court decided that the use for which appellant sought to condemn this land, is a use "unauthorized by

law," and we maintain that the court was right in this finding.

The taking of this proposed "mill site" is the taking of private property for private purposes, and cannot be authorized, *even by legislative act,* and the fact that the use to which the land is intended to be put or the structure to be built thereon, will tend incidentally to the benefit of the public by affording additional accommodations for business, commerce or manufactures, is not sufficient to bring the case within the operation of the right of eminent domain, so long as the structure is to remain under private ownership and control and no right to its use or to direct its management is conferred upon the public. Matter of Eureka Basin Warehouse Mfg. Co., 96 N. Y. 49.

Appellant cannot condemn this land for "mill site," because such a purpose or use is not provided for by statute in express terms and the statute is construed strictly in favor of the *land owner.* The taking of private property against the will of the owner being in derogation of the property rights of the citizen, the authority to take it, conferred by law, must not be implied or inferred, but must be given in express language. The proposed use for which the land is taken must be clearly embraced within the legitimate object of the power conferred by the statute, and if there is a doubt as to the extent of the power, such doubt will be resolved in favor of the *land owner. Schmidt* v. *Densmore,* 42 Mo. 225; *Ligare* v. *City of Chicago,* 32 Amr. St. R. 189; *Illinois Cent. R. Co.* v. *Chicago,* 138 Ill. 453; *Belcher S. R. Co.* v. *St. Louis G. E. Co.,* 82 Mo. 121.

Even in states where the statutes have conferred this power, many of the courts have declared it constitutional. *Beckman* v. *S. & S. R. Co.,* 22 Amr. Dec. 699, extended note.

From the reading of the foregoing authorities, and many others on the same points, but one conclusion can be reached, and that is to the absolute certainty that there is no error in this record; that the judgment of the lower court is in all things correct, and should be affirmed by the appellate court, without any hesitancy."

### STATEMENT OF FACTS.

The complaint is as follows: "That on the 27th day of March, 1899, he (plaintiff) was the owner and in the possession of the S. E. ¼ of Sec. 35 T. 23 S. R. 2 W., Salt Lake Meridian; that on said day defendant unlawfully and forcibly entered upon said land and made large cuts thereon for the purpose of constructing a ditch over the same, to the injury of plaintiff in the sum of $100.

"2. That defendant will continue the construction of said ditch unless restrained by an order of this court.

"Plaintiff prays judgment for $100 damages, and that defendant be perpetually enjoined from entering upon said land and constructing a ditch thereon."

The answer denies "that on the 27th of March, or at any other time he unlawfully or forcibly took down plaintiff's fence or any part thereof inclosing his land, or that he unlawfully or forcibly caused to be made large or any cuts over or through his land for the purpose of constructing a ditch thereon, except as hereinafter stated: And denies that plaintiff's land or premises were injured in the sum of $100, or any other amount whatsoever."

The defendant also sets up an alleged counter claim based upon allegations which are, in substance, as follows: That the defendant in pursuance of the statutes of Utah duly and regularly appropriated a large quantity of unappropriated water, and duly filed in the office of the county recorder of Sevier County, the required notice of said ap-

propriation, and then and there posted the required notices of his, intention to divert and appropriate said water, and within the time specified by law began the prosecution of the work of constructing the necessary canals, ditches and flumes for the purpose of conducting said water to the point at which it was intended to be used in generating electricity to be conveyed to the towns of Glenwood, Richfield, Elsinore and Monroe, for the purpose of furnishing to said towns and various manufacturing establishments situated therein, and the residents thereof, with electrical power, heat and light. That the uses and purposes for which defendant seeks to utilize the water so appropriated and the electrical power to be generated therefrom, are public in their nature, and in order for the defendant to derive the benefits therefrom it becomes necessary for him to construct dams, ditches, flumes and canals for the purpose of conveying the water to the point at which defendant purposes to build and construct his eclectric plant. That the line of survey for the construction of said canal, ditches and flumes lies across the plaintiff's lands as described in his complaint and comprises an area of .357 of an acre. That the proposed canal, ditch and flume across plaintiff's land leads to and communicates with and joins a certain piece or parcel of land containing in all an area of about one acre, which said land forms a part of the land of plaintiff as set forth in his complaint; that said one acre of land is necessary and defendant requires the same for a mill site, or site for his electric plant, to be occupied in the generation of electrical power to be used for the purposes hereinbefore stated.

That for the purpose of surveying said proposed canal and locating said mill site or site for said power plant as hereinbefore mentioned, and for the purpose of constructing said canals, ditches and flumes connected therewith,

this defendant entered upon said premises, and for no other purposes whatever.

That the defendant has offered to pay said plaintiff for said land, but has been unable to make arrangements therefor, and defendant alleges that he is ready and willing to pay any reasonable sum of money for said right of way over and through said premises; that the acts herein set forth and none other, constitute the alleged wrongs and injuries complained of by plaintiff.

Defendant prays judgment; first, that the plaintiff take nothing by his action; second, that the premises particularly described in his answer may be appraised in pursuance of the statutes of this state and upon filing of a sufficient bond or sum of money with this court, the defendant may be permitted to proceed with the construction work of said canal, ditch and flume, and with the erection of said machinery and power house, and that when the amount of damage, if damage there be, shall have been ascertained, and payment therefor has been made by defendant, that he may be directed to have eminent domain of said lands, and take possession thereof for the purposes set forth in his answer, and for such other and further relief as may be proper and just. Defendant demands his costs."

The plaintiff's answer to the cross-complaint denied each and every allegation therein contained.

The trial court adjudged and decreed that the plaintiff recover from defendant one dollar and his costs, and enjoined the defendant from taking down plaintiff's fence and from continuing the construction of a canal or ditch upon plaintiff's land, and that the counter-claim be dismissed.

22 Utah—4.

BASKIN, J.

The answer does not deny that the plaintiff was the owner and in possession of the premises described in the complaint, and not having done so plaintiff's ownership and possession of said premises are admitted by the defendant.

The denial in the answer that the defendant wrongfully or forcibly committed the acts of trespass alleged in the complaint, except as thereinafter stated, is an admission of the facts so alleged. *Podlech* v. *Phelan*, 13 Utah, 333; *Long* v. *Neville*, 36 Cal. 546; *Levison* v. *Schwartz*, 22 Cal. 230; *Larney* v. *Mooney*, 30 Cal. 610; *Salmon* v. *Olds and King*, 9 Ore. 488.

The alleged acts of trespass are not thereafter denied either in the answer or cross-complaint, but on the contrary in the cross-complaint it is expressly admitted that the defendant, for the purpose of making surveys and constructing said canals, ditches, and flumes upon the premises of plaintiff entered upon the same. Nor does the answer deny that the defendant would have, as alleged, continued to perform the acts complained of, unless restrained by the order of the court.

Upon the pleadings the plaintiff was entitled to recover for the damages done to his premises by the acts of the defendant, unless the facts set up in the cross-complaint justified the same.

At the time the defendant entered upon the plaintiff's premises and commenced to construct canals, etc., thereon, he had acquired no right whatever to do so. The land had not been condemned, and certainly the mere fact he contemplated to have it in the future condemned for his alleged purposes, gave him no right to construct canals, ditches, and flumes upon the same, therefore, the alleged

counter-claim neither qualifies, defeats or lessens the relief, which the admitted facts show the plaintiff is entitled to.

In the case of *The National F. Ins. Co.* v. *McKay*, 21 N. Y. 191, Comstock, J., in the opinion said: "I apprehend that a counter-claim, when established *must in some way qualify, or must defeat the judgment to which the plaintiff is otherwise entitled*. Bliss on Code Pl. 386 *et seq.;* Pomeroy's Code Pl. 744 *et seq.*

The facts set up by defendant do not constitute a counter-claim or defense to the plaintiff's cause of action.

The alleged counter-claim was therefor properly dismissed. It is ordered .that the judgment of the court below be affirmed and that appellant pay the costs.

BARTCH, C. J., and MINER, J., concur.