Robert R. DOELLE, as substituted (Formerly, Wayne Wonderland Development Association, Inc.), Plaintiff-Appellant Cross-Appellee,

v.

MOUNTAIN STATES TELEPHONE & TELEGRAPH, also known as Mountain Bell, Defendant-Appellee Cross-Appellant.

Nos. 87-2669, 87-2811.

United States Court of Appeals, Tenth Circuit.

April 13, 1989.

Robert R. Doelle, La Canada, Cal., pro se.

Floyd A. Jensen, Salt Lake City, Utah, for defendant and cross-appellant.

Before ANDERSON and TACHA, Circuit Judges, and ROGERS, District Judge.*

PER CURIAM.

In appeal No. 87–2669, Robert R. Doelle (plaintiff) appeals the district court's judgment, supported by findings of fact and conclusions of law entered after a bench trial, granting the Mountain States Telephone and Telegraph Company (defendant or Mountain Bell) a permanent easement by condemnation on the plaintiff's property (the property). In appeal No. 87–2811, the defendant cross-appeals the district court's award of equitable damages to the plaintiff for the purpose of planting shrubs on the property to screen the plaintiff's view of the Mountain Bell facilities.[1]

The district court entered detailed findings of fact. We summarize here those findings that are not challenged by the parties on appeal. In 1948 Mountain Bell, pursuant to a right-of-way granted by one joint tenant, built an aerial telephone line on the property. In April 1982, erroneously relying on the 1948 right-of-way, Mountain Bell trespassed on the property to construct a telephone substation. The plaintiff began residing on the property in the summer of 1984, at which time the view of the substation was obscured by weeds and shrubs. The plaintiff did not discover the Mountain Bell facilities until August 1985. Wonderland Development Association quitclaimed the property to the plaintiff in July 1987. The plaintiff was the fee owner of the property at the time of trial.[2]

The district court concluded that Mountain Bell had the power of eminent domain to condemn an easement for the substation on the plaintiff's land. The court further concluded, based on its findings concerning Mountain Bell's current use of the property, that the condemnation was justified under Utah Code Ann. § 78–34–4 (1987). The court granted Mountain Bell a permanent easement and awarded damages to the plaintiff in the amount of $676.38.

## I. APPEAL NO. 87–2669

On appeal, the plaintiff initially challenges three factual findings by the district court. First, the plaintiff challenges the finding that current and future telephone subscriptions increased the demand for service, thereby creating the need for the substation. Second, the plaintiff challenges the court's finding on the diminution in the value of the plaintiff's property caused by the condemnation. The plaintiff specifically points to a line of trees for which the district court did not award damages. Third, the plaintiff alleges that Mountain Bell forcibly entered his property with the intent to cause damage. In support, the plaintiff points to the fact that he pad-

---

* The Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The causes are therefore ordered submitted without oral argument.

2. The title to the property at the time of the construction of the substation is not entirely clear from the record on appeal. The plaintiff was the president of Wayne Wonderland Construction, the prior owner of the property. Wayne Wonderland assigned all its assets, including any claim against Mountain Bell, to the plaintiff. During trial, the district court made clear it believed the plaintiff and the corporation to be indistinguishable. Tr. at 86–87. On appeal, Mountain Bell does not dispute the plaintiff's standing to seek damages for any injury to the property arising from the 1982 construction.

locked his property and put up a no trespassing sign.

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R.Civ.P. 52(a); *see Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 528 (1985) (standard governing appellate review of district court's finding of fact set forth in Rule 52(a)); *see also Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 498, 104 S.Ct. 1949, 1958, 80 L.Ed.2d 502, 515 (1984) ("We have repeatedly held that … Rule [52(a)] means what it says."). Rule 52(a) applies to all findings of fact, including those described as "ultimate facts" because they may determine the outcome of the litigation. *Bose Corp.*, 466 U.S. at 501, 104 S.Ct. at 1959–60, 80 L.Ed.2d at 517; *see, e.g., United States Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1238 n. 22 (10th Cir. 1988); *see also Anderson*, 470 U.S. at 574, 105 S.Ct. at 1511, 84 L.Ed.2d at 528 (same standard applies to findings based on inferences from other facts); *Pullman–Standard v. Swint*, 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66, 79 (1982) ("[Rule 52(a)] does not divide facts into categories; in particular, it does not divide findings of fact into those that deal with 'ultimate' and those that deal with 'subsidiary' facts."). After careful review of the record on ap-

peal, we cannot say that the district court's findings on the increased demand for telephone service from Mountain Bell and the diminution in the value of the plaintiff's property are clearly erroneous. Similarly, the district court was not clearly erroneous in not finding that the defendant intended to damage the plaintiff's property.[3]

In addition to challenging the district court's findings, the plaintiff contends that the court erred by failing to recognize the importance of some of his allegations. None of the additional facts highlighted by the plaintiff, however, undermines the district court's ultimate conclusion that the defendant was entitled to an easement by condemnation. Accordingly, these arguments do not constitute grounds for reversal of the district court's judgment, and we therefore will not address them on appeal.

■ The plaintiff also challenges on appeal several of the district court's rulings on matters of law. The plaintiff principally challenges the district court's ultimate decision that the defendant was entitled to an easement by condemnation.[4] The plaintiff argues first that the district court should not have permitted Mountain Bell to seek inverse condemnation when the defendant did not raise that issue until the pretrial hearing on September 16, 1987. By failing to raise the issue earlier, the plaintiff insists, Mountain Bell forfeited its right to condemnation.

Utah's statutory law of eminent domain provides an explicit procedure for condemn-

---

3. The district court did not make any specific finding on whether the defendant intended to cause damage, but the court's findings and conclusions as a whole presume that the defendant did not intentionally damage the plaintiff's property. For example, the district court found that the defendant entered upon the property in good faith. Finding of Fact No. 18. In any event, even if the district court had found intent, the plaintiff would not thereby be entitled to seek additional damages, since the plaintiff did not originally ask for punitive damages and the district court denied his motion to amend his complaint to seek punitive damages. *See* discussion at pages 947–948, *infra*.

4. In addition to the arguments discussed in the text of this opinion, the plaintiff asserts other arguments he either did not present or failed to pursue adequately in district court. The plain-

tiff insists that the district court should have required the defendant to prepare an environmental impact statement prior to any condemnation, and that the defendant failed to follow the regulations and procedures of the federal government. The plaintiff also contends that Mountain Bell failed to justify an increase in rates.

Because the plaintiff did not adequately raise these issues in district court, we will not review them on appeal. "Issues not raised in the district court are usually considered on appeal only under exceptional circumstances or to prevent manifest injustice." *United States v. Beery*, 678 F.2d 856, 861 (10th Cir.1982). The plaintiff's new arguments do not warrant the extraordinary step of deciding issues on appeal that were never adequately presented to the district court.

ing property. Utah Code Ann. §§ 78–34–1 to 78–34–20 (1987). Under Utah Code Ann. §§ 78–34–6, 78–34–8, a corporation may seek condemnation by filing a complaint in a court of law. The Utah Supreme Court has held that a defendant in an action for trespass may not counterclaim for condemnation. *Peterson v. Bean,* 22 Utah 43, 61 P. 213 (1900). In *Peterson,* the plaintiff sought an injunction to restrain the defendant's trespass. *Id.* 61 P. at 214. The defendant's counterclaim alleged trespass for a public purpose and sought the right of eminent domain. The Utah Supreme Court held that the plaintiff was entitled to damages and that contemplated eminent domain did not constitute a proper defense or counterclaim to an action for trespass. *Id.* at 215. Here, the district court awarded damages for trespass, including the fair rental value during the time prior to condemnation. To this extent, then, there is no conflict between the holding in *Peterson* and the district court's disposition in the present case. The court in *Peterson,* however, also affirmed the granting of an injunction against further trespass, suggesting a total bar of the defendant's counterclaim, *id.* at 214; here, the district court denied the plaintiff's complaint for injunctive relief against the defendant and granted relief on the counterclaim for condemnation.

The Utah Supreme Court, in *Peterson,* reasoned that because the defendant had no right to enter onto the property at the time of the trespass, a counterclaim asserting the future possibility of condemnation did not defeat or lessen the relief to which the plaintiff had demonstrated entitlement. *Id.* at 215. " [A] counterclaim, when established, must in some way qualify, or must defeat, the judgment to which the plaintiff is otherwise entitled.' The facts set up by defendant do not constitute a counterclaim or defense to the plaintiff's cause of action. The alleged counterclaim was therefore properly dismissed." *Id.* (citations omitted) (quoting *National Fire Ins. Co. v. McKay,* 21 N.Y. 191, 196 (1860)).

In the case before us, the district court permitted the defendant's counterclaim under Fed.R.Civ.P. 13. The issue is thus whether federal or state law governs counterclaim procedures in a federal diversity case. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We hold that the *Peterson* rule, even if broadly construed to bar suit in the Utah courts,[5] would not bar the defendant's counterclaim in the federal district court.

If both a state rule and a federal rule cover the same situation, the analysis in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), applies.

> When a situation is covered by one of the Federal Rules, the question facing the court is a far cry from the typical, relatively unguided *Erie* choice: the court has been instructed to apply the Federal Rule, and can refuse to do so only if the Advisory Committee, this Court, and Congress erred in their prima facie judgment that the Rule in question transgresses neither the terms of the Enabling Act nor constitutional restrictions.

*Id.* at 471, 85 S.Ct. at 1144, 14 L.Ed.2d at 17.

The policy underlying *Erie* is "the avoidance of forum-shopping and unequal administration of justice." *Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.,* 760 F.2d 910, 916 (9th Cir.1985), *cert. denied,* 474 U.S. 1060, 106 S.Ct. 804, 88 L.Ed.2d 780 (1986). The federal courts should inquire whether following the federal rule will abridge a substantive right or be outcome determinative, two factors that may require the application of state rather than federal rules of procedure. Under *Hanna,* the assumption is that the federal rule will apply. The federal rule applies unless the court determines that "the *Erie* considerations are so strong that they can justify interrupting the normal function of the federal court processes." *Olympic Sports Prods.,* 760 F.2d at 914–15.

---

**5.** Under the court's logic in *Peterson,* the counterclaim before us might be permissible, since a valid claim to condemnation would appear to defeat an action for ejectment, even if it did not defeat an action for damages arising from trespass.

The circuits addressing this issue have concluded that the federal rules control. In *TPO Inc. v. Federal Deposit Insurance Corp.*, 487 F.2d 131 (3d Cir.1973), the plaintiff filed suit under a special procedure permitted by New York law in which a party could move for summary judgment without the necessity of filing a complaint. The defendant removed the case to federal court and counterclaimed. The Third Circuit held that the district court did not err in accepting the counterclaim, even though a similar pleading would be barred in the New York courts.

> While New York practice may not permit the filing of a counterclaim in the special procedure utilized by the plaintiff originally, the state rules became inoperative when the litigation was removed to the district court. The Federal Rules of Civil Procedure then became applicable, and the requirement for filing a compulsory counterclaim became effective. *See* F.R.C.P. 81(c); 13(a).

*Id.* at 133; *accord Seattle Totems Hockey Club v. National Hockey League*, 652 F.2d 852, 854 (9th Cir.1981), *cert. denied*, 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1313 (1982).

In the circumstances now before us, we hold that the federal rule is controlling. Indeed, if the counterclaim for condemnation was compulsory, then the defendant was required to raise it in this lawsuit. "The inherent character of a compulsory counterclaim . . . is that it is the type which must be raised before the current tribunal or be forever lost to the claimant." *NLRB v. Dutch Boy, Inc.*, 606 F.2d 929, 932 (10th Cir.1979). Thus, if the defendant were not permitted to counterclaim at this point, the counterclaim might be waived. Moreover, if the defendant *were* permitted later to seek condemnation in state court, it would clearly be entitled to such relief, thereby suggesting that not only would permitting the counterclaim now in federal court be more efficient than requiring a separate action in state court, but it also would ultimately not be outcome determinative. Thus, while Utah civil procedure appears not to permit a counterclaim for condemnation in response to a complaint for tres-

pass, state rules of procedure do not operate in these circumstances to bar the filing of a counterclaim in federal court. The issue therefore becomes solely whether the district court erred under the federal rules in permitting the counterclaim.

■ "The pertinent rule of law is that the decision to allow a counterclaim to be pleaded is a matter of judicial discretion and may be reversed on appeal only if the party can demonstrate that the court abused its discretion." *Rohner, Gehrig & Co. v. Capital City Bank*, 655 F.2d 571, 576 (5th Cir.1981) (citations omitted); *see also Lease America Corp. v. Eckel*, 710 F.2d 1470, 1473 (10th Cir.1983). At the commencement of trial, the district court fully explained to the parties its reasons for permitting the counterclaim. Tr. at 6. The district court did not abuse its discretion in permitting the defendant to plead its counterclaim for condemnation.

■ The plaintiff also argues that the condemnation was not justified by convenience, necessity, or expense, in light of the irreparable injustice to the plaintiff's rights and the "substantial detriment in service." Under Utah law, "the right of eminent domain may be exercised in behalf of . . . all . . . public uses for the benefit of any county, city or incorporated town, or the inhabitants thereof." Utah Code Ann. § 78-34-1. "Before property can be taken it must appear: (1) that the use to which it is to be applied is a use authorized by law; [and] (2) that the taking is necessary to such use. . . ." *Id.* § 78-34-4.

The district court concluded that the use to which Mountain Bell has applied the property is a "use authorized by law" as that term is defined in Utah Code Ann. § 78-34-4(1). Conclusion of Law No. 6. We agree. Providing telephone service is one use for which Utah allows condemnation of private property by eminent domain. Utah Code Ann. § 78-34-1; *see also Williams v. Hyrum Gibbons & Sons Co.*, 602 P.2d 684 (Utah 1979). Further, "[t]he private property which may be taken under [the Utah statutes governing eminent domain] includes . . . all real property belong-

ing to any person." Utah Code Ann. § 78–34–3.

The district court also concluded that condemnation was "necessary" as that term is used in Utah Code Ann. § 78–34–4(2). Conclusion of Law No. 7. The district court entered several findings of fact adequately supporting its conclusion. *See* Findings of Fact Nos. 14, 15, 16, 20, and 21.[6] We find no error in the district court's conclusion that condemnation was necessary.

The plaintiff contends that Mountain Bell should be ejected from the property for failure to follow the regulations and procedures of the Utah Public Service Commission. The plaintiff has not fully explained on appeal in what way any failure by the defendant to follow proper procedures before the Public Service Commission affects the defendant's entitlement to condemnation. Moreover, the plaintiff did not litigate this issue in the court below, although apparently he did pursue certain claims before the Commission. We do not discern a connection between those claims and the plaintiff's federal litigation.

In a series of arguments, the plaintiff also contends that Mountain Bell is bound by the law and agreements in force in Torrey Township in 1948, that the easement on property adjacent to the plaintiff gave the defendant no right to construct a substation on the plaintiff's property, and that because "forcible ejectment" was served on Mountain Bell, Mountain Bell was therefore required to leave the property. These issues are extraneous to the district court's determination that Mountain Bell was entitled to an easement by condemnation on the plaintiff's property. These three arguments thus do not persuade us that the district court improperly granted the defendant an easement by condemnation.

The plaintiff also challenges the denial of several of his procedural motions by the district court. Specifically, the plaintiff first contends that the district court abused

its discretion in not requiring the defendant to provide adequate responses to the plaintiff's discovery requests and in denying his motion to reopen discovery. "[D]istrict courts enjoy wide discretion in handling discovery and pretrial matters." *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir.1980) (citing *Phil Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 344 (8th Cir.1979)), *cert. denied*, 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981). The district court did not abuse its discretion in not requiring the defendant to respond more fully to the plaintiff's initial discovery requests or in denying the plaintiff's motion to reopen discovery.

■ The plaintiff also appeals the district court's denial of his motion to file an amended complaint and his demand for a jury trial. The district court did not abuse its discretion in refusing to permit the plaintiff to amend or supplement his complaint more than three months after the deadline in the court's scheduling order. *See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132–33 (10th Cir.1987) (addressing leave to amend answer). The district court likewise did not abuse its discretion in denying the plaintiff's jury demand, filed more than ten days after the filing of the last pleading raising an issue triable by jury. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980); Fed.R.Civ.P. 38; *id.* 39.

■ Finally, the plaintiff argues that even if condemnation was proper, the district court's damage award failed to compensate him adequately because it failed to award him exemplary, compensatory, and punitive damages, including damages for mental distress, in light of Mountain Bell's "criminal trespass and violation of environmental issues." In addition, the plaintiff argues, Mountain Bell continued to aggravate the plaintiff and cause further mental distress during the litigation by installing another switching box. The plaintiff contends that the district court erred in not

---

**6.** With the exception of number 14, the plaintiff has not challenged the district court's findings on this issue. We have already held that find-

ing of fact number 14 is not clearly erroneous. *See supra* p. 944.

allowing testimony regarding Mountain Bell's continued harassment.

The plaintiff's argument on damages depends almost entirely on the success of his prior argument that this court should reverse the district court's denial of the plaintiff's two successive motions to amend his complaint. The plaintiff's original complaint did not seek punitive damages, exemplary damages, or damages for mental distress. Because the plaintiff did not seek such damages in his original complaint, the district court could not award them without permitting the plaintiff to amend. Since we have already concluded that the district court properly denied the plaintiff's motions to amend or supplement his original complaint, the plaintiff can only appeal the amount awarded by the district court to compensate his economic loss. Testimony concerning Mountain Bell's alleged "continued harassment," allegedly causing the plaintiff further aggravation and mental distress, would similarly not be relevant to the plaintiff's complaint for monetary damages arising from trespass.

The district court did award compensatory damages, albeit not as much as the plaintiff requested. The district court's award of $200.00 for the fair market value of the taken property and $76.38 for the fair rental value of the taken property prior to condemnation is fully supported by the record. We find no error in the award of damages that would cause us to reverse in the plaintiff's favor.

## II.  APPEAL NO. 87–2811

■ Mountain Bell's sole argument on appeal is that the district court erred in awarding equitable damages to permit the plaintiff to buy plants and shrubs to screen his view of the substation. The defendant contends that the district court was not empowered to award these damages and that there is no support in the record for either the award itself or for the amount of the award.

The district court concluded that there was "no credible evidence that the remaining parcel [of the property] has been diminished in value by the taking." Memoran-

dum Decision of October 7, 1987, at 5. Nevertheless, the district court awarded $400.00 to the plaintiff to plant shrubbery around the Mountain Bell facilities. *Id.* These are *not* damages for trespass, because the district court declined to award damages for any alleged injury to already existing trees. *Id.* at 3 n. 1. Indeed, the evidence supported a conclusion that either the plaintiff himself or the city removed the vegetation previously screening the substation. Tr. at 96, 98–99.

The Utah law of eminent domain does not provide for equitable damages. Utah Code Ann. § 78–34–10. Rather, the district court found authority to make the plaintiff whole in this manner entirely from its inherent power as a court sitting in equity. Even assuming that the district court had the equitable power to fashion an appropriate remedy, however, the plaintiff neither sought equitable relief in the form of trees to screen his view of the substation nor presented evidence concerning the cost of planting trees. While a district court's award of damages will not be set aside unless it is clearly erroneous, *see Whiteis v. Yamaha Int'l Corp.*, 531 F.2d 968, 972 (10th Cir.), *cert. denied*, 429 U.S. 858, 97 S.Ct. 157, 50 L.Ed.2d 135 (1976), an award must be based on reasonable inferences rather than on sympathy, *id.* at 973. "The court is not justified in rendering a judgment based on possibility or speculation. True, damages cannot be fixed with desired certainty. However, the proof must be reasonable under the circumstances." *Webb v. Utah Tour Bankers Ass'n*, 568 F.2d 670, 677 (10th Cir.1977). We find no support in the record for awarding the plaintiff $400.00 as a reasonable amount to buy plants and shrubbery. Accordingly, we reverse in part the district court's judgment.

The judgment of the United States District Court for the District of Utah is AFFIRMED in part and REVERSED in part insofar as it awarded damages to the plaintiff for the purpose of planting shrubbery.

The mandates shall issue forthwith.