# AGATE *a.* KING.

*Supreme Court, Second District ; General Term, February,* 1862.

COUNTER-CLAIM.——FORECLOSURE.

The right of the plaintiff to claim, and the right of the defendant to counter-claim, upon any given or supposed facts in controversy, must be reciprocal.

Thus, in an action for the foreclosure of a mortgage, defendants not personally liable to pay the amount secured, cannot interpose a counter-claim arising out of transactions unconnected with the subject of action.

Appeal from a judgment.

This action was brought by Joseph Agate against Joseph King, Samuel Fleet, and his wife, to foreclose a mortgage for $682. King was the owner of the equity of redemption, but was not personally liable for the mortgage debt. He alone defended, merely setting up a counter-claim, for $6000, an amount paid by him to the plaintiff as the consideration of plaintiff's contract to convey to him a tract of land, which contract the answer averred that the plaintiff had failed to perform. A reply was interposed, denying all the allegations constituting a counter-claim. The cause was tried before a referee. The defendant was allowed to give evidence to establish his counter-claim. The plaintiff was allowed to prove the execution and delivery of a deed of the land which he had undertaken to convey. The referee found in favor of the plaintiff, against the counter-claim, and ordered judgment of foreclosure and sale. The defendant, King, appealed.

*Culver Patterson,* for the appellant.——I. The findings of fact by the referee are not sustained by the evidence in the case.

II. A counter-claim must contain the substance necessary to sustain an action on behalf of the defendant against the plaintiff, if the plaintiff has not sued the defendant. (Vassear *a.* Livingston, 13 *N. Y.,* 248; Lemon *a.* Trull, 13 *How. Pr.,*

248 ; affirmed, Court of Appeals, 16 *Ib.*, 576, *note* ; National Fire Ins. Co. *a.* McKay, 21 *N. Y.*, 191 ; Code, § 150.)

III. The referee also erred in permitting the deed to be put in evidence ; for the reason that there was no such issue. The plaintiff, in his reply, denies that defendant ever demanded a deed ; in fact, he denies every allegation specifically. (McKyring *a.* Bull, 16 *N. Y.*, 297.)

IV. If illegal testimony be received, and may have had weight with the jury, on a material point, the court has no discretion to refuse a new trial. (Weeks *a.* Lowerre, 8 *Barb.*, 530 ; Main *a.* Eagle, 1 *E. D. Smith*, 619.)

*Niles & Bagley*, for the respondent.—I. The matter set up in the answer does not constitute any defence. No claim is made against King ; he, therefore, can have no counter-claim of which he can avail himself. The parties have no cross-demands, one of which may cancel the other. (Van Valen *a.* Lapham, 13 *How. Pr.*, 240 ; Spencer *a.* Babcock, 22 *Barb.*, 326.)

II. The right of the plaintiff to claim, and the right of the defendant to counter-claim, must be reciprocal. (Xenia Branch Bank *a.* Lee, 2 *Bosw.*, 694 ; S. C., 7 *Abbotts' Pr.*, 372.)

III. The action to foreclose a mortgage is not an action on contract, within the meaning of that section of the Code referring to counter-claims.

IV. If King can set up a counter-claim, so can twenty other defendants who may have some interest in the property, or the surplus, or some liability on account of the mortgage.

V. Even if this were the subject of a counter-claim, it did not exist at the commencement of the action. (13 *How. Pr.*, 240.)

VI. Even if it were a proper subject of counter-claim, and had existed at that time, it is not proved.

BY THE COURT.—SCRUGHAM, J.—The plaintiff brought this action to foreclose a mortgage, executed to him to secure the payment of $682, with interest, by Catharine Fleet, and her husband Samuel Fleet, upon land in the village of Jamaica, which was afterwards conveyed by them to the defendant, Joseph King ; but King did not agree to pay the amount due on the mortgage, and no personal claim is made against him.

The defendant King does not deny any of the allegations contained in the complaint, but alleges that, before the commencement of this action, the plaintiff made and delivered to him his agreement in writing, whereby, in consideration of an assignment to him of three notes drawn by one Burrows, secured by a mortgage on land in Wisconsin, and amounting together to the sum of $5,200, the plaintiff agreed to convey to him, by warranty deed, 150 acres of land near Lakeland, Long Island, subject to a mortgage of five dollars per acre; and that in consideration thereof he delivered to the plaintiff the notes mentioned in the agreement, together with a quantity of soap, tea, and screws, which, he claims, formed a part of the consideration of the agreement, in addition to the notes. He. alleges that the plaintiff has failed to fulfil this agreement, and sets up, as a counter-claim in this action, a claim against the plaintiff on that account for the value of the articles which, he claims, were delivered by him to the plaintiff on receipt of the agreement, and for $5,200, being the amount of the notes mentioned in it, with interest on both claims.

The action was tried before a referee, who admitted evidence of the defendant's alleged cause of action against the plaintiff, notwithstanding the objection of the plaintiff's counsel, that it did not constitute a counter-claim to the plaintiff's demand in this action.

As it was not a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action, it was clearly not admissible as a counter-claim under the first subdivision of section 150 of the Code.

So far as the section authorizes the interposition of any other counter-claim, it may be read as follows: In an action arising on contract, any defendant between whom and the plaintiff a several judgment might be had, may interpose as a counter-claim any other cause of action arising on contract, and existing at the commencement of the action in his favor and against the plaintiff.

The first requisite then is, that the action in which the counter-claim is to be interposed shall be an action arising on contract.

This action is for the foreclosure of a mortgage, a legal rem-

edy somewhat anomalous. As against the mortgagor, and all persons who have assumed or become liable for the payment of the amount secured by the mortgage, it is an action arising on contract; but it cannot be so considered in reference to those parties who have made no agreement in relation to the mortgage or the sum secured by it; and who are made parties only because they have claims upon the land mortgaged, which the plaintiff desires to foreclose. As to them, there is no contract on which they are liable, and therefore none on which an action can arise against them. The mortgagee seeks by the action to enforce his right to an absolute sale of the mortgaged premises; and the interest of those who have equities of redemption being adverse to this, they become necessary parties to the action. This right in him, and adverse claim by them, constitutes his cause of action against them. It may be said to grow out of the contract which was made when the mortgage was executed, and which is evidenced by it; but it does not arise on that contract. A distinction between causes of action arising on contract, and causes of action arising out of a contract, is indicated by the phraseology of this section of the Code. (*Code*, § 150; Xenia Branch Bank *a.* Lee, 2 *Bosw.*, 694; S. C., 7 *Abbotts' Pr.*, 372.)

It was said in the case cited, that "the right of the plaintiff to claim, and the right of the defendant to counter-claim upon any given or supposed facts in controversy, must be reciprocal."

In this case, if an action had been brought by the defendant against the plaintiff, for a breach of his contract to convey the Lakeland property, this mortgage would not constitute a counter-claim, for the plaintiff can make no claim upon it against the defendant King.

It must be conceded, that if the owner of the equity of redemption, who has not assumed the payment of the mortgage debt, can interpose a counter-claim under the second subdivision of section 150 of the Code, in an action to foreclose the mortgage, any judgment-creditor, or other party who has been made a defendant by reason of his claim upon the mortgaged premises, may do likewise; for the description in that section of the persons who may interpose counter-claims, will apply as well to the one as to the other. The complications, evils, and

delays consequent upon such a practice, make it apparent that it was not intended to establish it.

In the case of the National Fire Ins. Co. *a.* McKay (21 *N. Y.*, 191), this question was not decided; but Judge Comstock says, "In a foreclosure suit, a defendant who is personally liable for the debt, or whose land is bound by the lien, may probably introduce an offset to reduce or extinguish the claim."

Evidently an expression so limited was not intended to be regarded as authority; but the views which I have expressed, are not inconsistent with the idea that such a defendant might introduce such a counter-claim as is specified in subdivision 1 of section 150 of the Code. That subdivision does not, like subdivision 2, confine the interposition of the counter-claims authorized by it to actions arising on contract.

The referee erred in admitting evidence of the facts going to establish the alleged counter-claim; but as he has decided that the defendant has not established it, and has not allowed it in his report, but finds the plaintiff entitled to judgment of foreclosure and sale for the full amount appearing to be due upon the bond and mortgage, the judgment entered upon his report should be affirmed.