ISAAC J. VAN ALEN, Appellant, *v.* JOHN S. FELTZ, Respondent.

Title two of the Code of Procedure does not extend to cases where the right of action had accrued when that title became a law, but leaves them to be governed by the law then in force.

In such cases no written promise or acknowledgment is necessary to take a demand out of the operation of the statute of limitations. This case, reported in 32 Barb., 139, reversed.

THE action was brought by the plaintiff, as assignee upon two judgments rendered in a justice's court in favor of George W. Bulkley and Gersham Bulkley, against the defendant on the 18th of April 1846; one for $101.15, and the other for $76.15. These judgments were duly assigned to the plaintiff on the 31st of March, 1856. This action was commenced July 10th, 1856. The defense was the statute of limitations. The action was tried at the Columbia Circuit in September 1857, without a jury, by Justice D. WRIGHT, who found as matter of fact upon the evidence, that in June, 1852, the defendant in the judgments promised verbally to pay them both to the plaintiff, but made no promise in writing, and held as a conclusion of law that such promise did not take the case out of operation of the statute, and that the plaintiff could not recover. Judgment was therefore entered in favor of the defendant. The plaintiff appealed to the General Term of the Supreme Court, where the judgment was affirmed, and he brings his appeal to this court.

*J. K. Porter*, for the appellant.

*J. H. Reynolds*, for the respondent.

JOHNSON, J. When the Code went into operation, the right of action had already accrued upon both judgments, and the only question presented by the case, is, whether a written promise, in such a case, is necessary to take the demand out of the operation of the statute. No question is made but that the promise would have been suffieient before the Code. Section 110 of the Code provides that "no acknowledgment, or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of *this title,* unless the same be contained in some writing signed by the party to be charged thereby." This is the last section of title two of the Code, which relates to the time of commencing actions. The first section of this title, § 73 of the Code contains this provision. "*This title* shall not extend to actions already commenced, or to cases where the right of action has already accrued, but the statutes now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form." The right of action having accrued upon these judgments, when this title of the Code became a law, such title did not extend to them, but left them to be governed by the law then in force. Such is the plain letter and reading of the provision, and I do not see that it is fairly susceptible of any different interpretation. It excludes a class of cases, embracing all upon which the right of action had already accrued. If the statute then in force had commenced running, all cases belonging to that class were left to the operation of such statute, and the provisions of title two of the Code did not in any way affect them. This precise point seems to have been decided by this court in *Winchell* v. *Hicks* (18 N. Y., 558, 566). In that case the note became due May 2, 1847, and the two sureties had by parol acknowledged the indebtedness at some time between that period and May 3, 1852; and one of the points ruled was, that the case did not come within the provisions of the Code, and the debt might be revived or continued without any written promise or acknowledgment. The point was ruled in the same way in the case in the Supreme Court (21 Barb.,

348) and the judgment was affirmed here. It had been previously decided, that where the statute had already run against a demand 'when the Code went into effect, such demand fell within the provisions of the Code, and could only be revived by a written promise. That to exclude it, the cause of action must have been subsisting. (*Esselstyne* v. *Weeks*, 2 Kern., 635.) The learned judge who delivered the opinion in the last case seems to have been of the opinion that section 73 of the Code applied only to cases where a cause of action had previously accrued upon a new promise. But that was not the point involved or decided. The point ruled was, that the section did not apply to a case where the statute had already run, and the cause of action which had previously accrued, was no longer subsisting. That decision was undoubtedly correct, as the provision was manifestly intended to exclude cases only where the cause of action had not only accrued, but was then subsisting, and the statute in force still running. In *Winchell* v. *Hicks*, the cause of action had accrued, and was subsisting, when the Code went into operation, and the parol promise was made afterward. It will be seen, therefore, that the precise question presented here, was involved in the latter case, and distinctly decided. The point is *res judicata*. But if it were an open question, I should have no hesitation in adopting the same conclusion. The language is too plain to admit of debate or doubt. "This title shall not extend to cases where the right of action has already accrued." To hold, in the face of this plain and unambiguous language, as we are asked by the respondent's counsel to do, that title two does extend to *all cases* where the right of action had already accrued when that title took effect, *excepting those only*, where such right had then been revived, or continued, by a new promise, would require the exercise of legislative instead of judicial functions. It would be a sheer perversion of terms, to call such a determination, the construction or interpretation of a provision of the statutes. I am of the opinion, therefore, that the judgment is erroneous, and should be reversed, and a new trial granted, with costs to abide event.   .                 Judgment reversed.