CHARLES LANSING, Administrator of SHUBAEL G. LANSING, Appellant, *v.* BERNARD BLAIR, Respondent.

Where, at the time of the adoption of the Code, a right of action had accrued, and was then subsisting, a subsequent oral promise to pay, is sufficient to take the case out of the operation of the statute of limitations. *Van Allen* v. *Feltz* (1 Keyes, 332), approved and followed.

(Argued October 20th, 1870; and decided October 25th, 1870.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial district, affirming a judgment for the defendant rendered upon a report of Hon. HENRY HOGEBOOM, referee.

This action was commenced the 21st day of January, 1858, and was brought to recover the amount of two promissory notes, one dated September 5th, 1844, for $2,578.11, payable one year from date, the other dated January, 1845, for $2,000, and also payable one year from date. The two notes were made by the defendant payable to William Lansing or order, and at the time of the commencement of this action, were owned by Shubael G. Lansing, the original plaintiff.

The answer sets forth two defences to the cause of action, first, the statute of limitations, and second, payment.

To avoid the effect of the statute of limitations, the plaintiff, upon the trial of the action before the referee, " offered to prove a parol promise made by the defendant to the plaintiff, in the year 1854, and within six years preceding the commencement of this action, and while the plaintiff was the holder and owner of these notes in suit, to pay the same to him, the plaintiff." The evidence was excluded upon the objection " that the notes appearing to be barred by the statute of limitations, cannot be revived by a parol promise," and the plaintiff duly excepted.

The plaintiff then gave in evidence a letter written by the defendant to C. L. Tracy, dated March 28th, 1855. In this letter, the defendant states that he had promised William Lansing to settle the business between them, when the estate of Abram C. Lansing was settled together with Abram's demand against him and the amount he received belonging to Mrs. Blair. Parol evidence was then given to the effect that there was no other business with which William was connected other than these notes referred to in the letter, that Mrs. Blair's matter referred to in the letter was some interest in some stocks that came from her grandfather's estate, and that William and Abram C. had settled. The records of the sur-

rogate's office were introduced showing that the estate of Abram C. Lansing was settled.

The plaintiff was then permitted to prove that the defendant by parol in 1854 and in 1855 or 1856, promised to pay the notes.

The defendant moved for a nonsuit, on the ground that the notes in suit were barred by the statute of limitations. The court sustained the motion, and ruled that the letter of March 28th, 1855, did not show a promise sufficient to take the case out of the statute, and also that the parol evidence in connection with the letter was not sufficient for that purpose.

*Charles E. Patterson*, for the appellant, cited Code, section 73; *Van Allen* v. *Feltz* (1 Keyes, 332); *Winchell* v. *Hicks* (18 N. Y., 558); *Gillespie* v. *Rosekrans* (20 Barb., 35); *Glen Cove Ins. Co.* v. *Harold* (id., 298); *Winchell* v. *Bowman* (21 Barb., 448).

*James Gibson* (*Cornelius L. Allen* with him), for the respondent, cited *McLaren* v. *McMartin* (36 N. Y., 88); *Van Kuren* v. *Parmelee* (2 Comst., 523); *Shoemaker* v. *Benedict* (1 Kern., 176, 183, 184); *Esseltine* v. *Weeks* (2 Kern., 635, 638, 639); *Bell* v. *Morrison* (1 Peters, 361, 2, 371, 2, 3, 4); *Watkins* v. *Stevens* (4 Barb., 173); *Wadsworth* v. *Thomas* (7 Barb., 445); *Philips* v. *Peters* (21 Barb., 351); *Bloodgood* v. *Bruyn* (4 Seld., 362); *Wakeman* v. *Sherman* (5 Seld., 86.)

RAPALLO, J. The notes set forth in the complaint fell due in September, 1845, and January, 1846. Consequently, at the time of the adoption of the Code, a right of action upon them had accrued, and such right had not been barred, but was subsisting.

The 110th section of the Code, upon which the respondent relies, is contained in title two, and provides that no acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take a case out of the opera-

tion of that title, unless contained in some writing, signed by the party to be charged.

Title two repeals the statute of limitations as contained in the Revised Statutes, and substitutes new provisions varying in several respects from the former statute; but it is expressly declared in the first section of the title that "this title shall not extend to actions already commenced, or to cases where the right of action has already accrued." Those cases are declared to be governed by the former statute of limitations.

This exemption has been construed by this court as applying only where there was a subsisting right of action at the time of the adoption of the Code, and not to cases in which the right of action had been theretofore barred. But in the case of *Van Allen* v. *Feltz* (1 Keyes, 332), it was decided that the right of action referred to in the exempting clause was the original cause of action, and not that resulting from the new promise; and that while the original cause of action was subsisting at the time of the adoption of the Code, an oral promise was valid.

That decision is controlling in this case, and does not conflict with the decisions in *Esseltine* v. *Weeks* (2 Kern., 635), and *McLaren* v. *Martin* (9 Tiffany, 88). In both of those cases the debt had been barred by the statute before the adoption of the Code, and it was held that the exemption did not apply for that reason.

The referee therefore erred in excluding evidence of an oral promise to the plaintiff to pay the note, and on that ground the judgment should be reversed and a new trial ordered.

All the judges concurring, except PECKHAM, J., who, having been a member of the General Term below, did not sit. Judgment reversed and new trial ordered.