ADAM B. SMITH, AS ADMINISTRATOR, ETC., OF JOHN NEW-LAND, DECEASED, RESPONDENT, *v.* EMILY H. HATHORN, AND OTHERS, APPELLANTS.

*Usury — proof of payment of unlawful interest — not conclusive — Evidence of conversation with a deceased person — Interest.*

In the absence of any direct evidence of a usurious agreement, proof of subsequent payments of interest, in excess of the lawful rate, is not conclusive upon the question of usury.

A mortgagor who, after conveying the mortgaged premises, has been made a party defendant to an action to foreclose the mortgage (but against whom no money judgment is asked, and by whom no answer has been put in) is incompetent to testify in favor of his grantee in regard to a personal transaction between himself and the plaintiff's intestate.

Seven per cent interest was allowed after January 1, 1880, in accordance with the decision in *Erwin* v. *Neversink Steamboat Company* (23 Hun, 578).

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought to foreclose a mortgage executed by the defendant Frank H. Hathorn to John Newland, the plaintiff's testator, December 1, 1874, to secure notes amounting to $6,000, and covered one undivided half of the property known as Hathorn Spring.

The notes which were secured and the bond accompanying the mortgage were made by the mortgagors Frank H. Hathorn and Henry H. Hathorn.

The defendant, Emily H. Hathorn, a subsequent grantee of the mortgaged premises, and the defendants, Stephen H. Richards and John S. Leake, subsequent incumbrancers, set up the defense of usury.

The defendants Frank H. Hathorn and Henry H. Hathorn did not answer but suffered default.

No claim was made in the complaint for a personal judgment for deficiency against any of the defendants.

The defendant, Emily H. Hathorn, on the trial offered to prove by the defendant, Henry H. Hathorn, that at the time of the loan it was corruptly agreed that Newland should receive and Hathorn pay ten per cent per annum for the money loaned. This was objected to as calling for a personal transaction between the witness and the deceased mortgagee. The objection was sustained.

*Charles S. Lester*, for the appellants.

*A. Pond*, for the respondent.

LEARNED, P. J.:

This action was brought to foreclose a mortgage. The defense was usury. The trial was had before the Special Term, and a decision was rendered for the plaintiff. There was no direct evidence of a usurious agreement. The evidence tending to establish such an agreement consisted of proof that, in five instances, the defendants had, in fact, paid an amount of interest which, if it had been promised at the time of making the contract, would have been usurious. The obligations were notes at three months time, amounting in all to $6,000. At about the time when the notes became

payable, the payee called for his interest and said it was $150. That amount was paid, and he gave a receipt therefore, stating the money to be for three months' interest on the notes. The same amount was paid four times afterwards, each for three months' interest. Letters from the payee to the debtors were given in evidence calling for $150 for three months' interest on the notes; about six months after the last payment, asking for the interest, $300 ; and a year from the last payment another letter asking for "the interest now due, $600."

The counsel for the defendants insists that these payments and letters, with no contradictory evidence, show conclusively that a usurious contract was in fact entered into at the time when the notes were made.

The counsel for the plaintiff insists that the evidence of payments of interest at a usurious rate, subsequent to the making of the original contract, is not sufficient to establish that a usurious agreement was made at the time of the original contract.

Of course, it is not doubted, that to constitute usury the corrupt agreement must have been part of the contract. (*Real Estate Trust Co.* v. *Keech*, 69 N. Y. 248.) A voluntary payment of more than the legal rate would not be usury. Now, we think, that it is decided that subsequent payments of more than the legal rate are evidence, which should go to the jury on the question whether there was a corrupt agreement. They constitute some evidence and the court could not reject them. (*Catlin* v. *Gunter*, 11 N. Y., 368 ; *N. Y. Firemens' Ins. Co.* v. *Ely*, 2 Cowen, 678.) The plaintiff further insists that, even admitting this doctrine, still the evidence in this case was submitted to the court, in the absence of any jury, and that the decision of the court on the effect of the evidence is conclusive.

This we think must be the true view of this case. While the evidence of subsequent payments at a rate greater than lawful interest, is some evidence for a jury of a prior usurious agreement, we do not think such evidence can be held absolutely conclusive, so that a court could thereon direct a verdict for the defendant. And the learned justice who tried this case admitted and heard this evidence. It did not convince him that a usurious agreement had

been made. The forming of inferences and conclusions from the evidence was his duty.

It may be urged by the defendant that these payments, in excess of the usual rate, would never have been voluntarily made; that they must have been made in pursuance of a prior agreement. But we must remember that if there was such an agreement, still, as that supposed agreement was usurious, the defendants would not have been legally bound to make the payments, and, therefore, even in that case they would have been voluntary.

And we must also bear in mind that, as usury is a crime, there is a presumption in favor of innocence. We think, therefore, that the proof was not such as to require us to reverse the finding of fact of the learned justice. It is a case not of undisputed evidence establishing a certain fact, but of evidence from which a jury or a judge might or might not deduce a certain inference.

It is claimed that the evidence of Henry H. Hathorn was improperly excluded. Hathorn was a party defendant. He was a proper party, because he was presumably liable on the obligations. There has been no severance of the action. If there had been a final judgment in favor of the defendants, he would have been a party to that judgment, for it is not a case where there could be a severance under section 456. Therefore he would be a party defendant in an action where it had been adjudged against the plaintiff that the bond and mortgage were void for usury. How then could he thereafter be sued on his bond? (*Church* v. *Howard*, 80 N. Y., 415.)

The appellant cites some cases to show that the defendant, Henry H. Hathorn, had no right to set up any defense in this action. But none of them sustain this doctrine. *National Fire Insurance Company* v. *McKay* (21 N. Y., 191), and *Agate* v. *King* (17 Abb. Pr., 159), are cases of counter-claim, not of defenses. *Payn* v. *Grant* (30 Sup. C. N. Y., 134), is the case of an allegation of alleged prior rights. It is true that this defendant did not answer, and therefore no judgment could be had against him personally. But he might have answered, and, if he had done so a personal judgment might have been rendered. (Code Civil Pro., § 1207.)

The appellants claim that after January 1, 1880, interest should have been allowed only at six per cent. On that point there is a difference of opinion between the members of the court. But we

conclude that it is best to follow the decision of the General Term in the First Department in *Erwin* v. *Neversink Steamboat Company* (23 Hun, 578).

The judgment appealed from is therefore affirmed, with costs.

Present — LEARNED, P. J., and BOARDMAN, J.; BOCKES, J., not acting.

Judgment affirmed, with costs.