## WORCESTER-BROOKLYN REALTY CO. v. BAILEY.

### SAME v. MILLBOURNE REALTY CO.

(Supreme Court, Appellate Division, Second Department. February 13, 1914.)

SET-OFF AND COUNTERCLAIM (§ 8*)—EQUITABLE SET-OFF.

    Where a vendor who was insolvent, in order to give the land he was desiring to sell a false and fictitious value, executed a mortgage thereon without consideration, which plaintiff assumed as part of the purchase price, and after the sale the mortgage was assigned to another, plaintiff was not limited to pleading the fraud as a defense to the mortgage, but was entitled to sue to recover damages for the fraud, for the purpose of setting off the same against the mortgage, which was a cloud on his title.

    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 9–11; Dec. Dig. § 8.*]

Appeal from Special Term, Kings County.

Actions by the Worcester-Brooklyn Realty Company against Edward Bailey and against the Millbourne Realty Company. From interlocutory judgments overruling a demurrer to the amended complaint in each action, defendant appeals. Affirmed.

This action has been brought by plaintiff, the owner in fee, of a parcel of vacant land in Kings county, for the cancellation of a certain alleged second mortgage of $25,000, secured on said parcel of land. The cancellation of said mortgage is asked for *upon the ground that said mortgage was made by plaintiff's grantor to one Edwin E. Bolton, without consideration, and for the purpose of giving a false, fictitious, and deceptive value to said parcel of land with intent to deceive and defraud plaintiff in the purchase of same,* and represented a part of the purchase price of said parcel of land, at the time of the sale and conveyance to plaintiff of said parcel of land by said grantor, subject to said mortgage, and which said mortgage has since been assigned, *without consideration and subject to plaintiff's equities,* by said Bolton to the defendant Millbourne Realty Company, which company is now the holder thereof; that said mortgage was fraudulent in its inception; was made without consideration; is a cloud upon plaintiff's title to said parcel of land; is void and unenforceable owing to the fraud and consequent damage perpetrated on plaintiff by said grantor in the sale to plaintiff of said parcel of land, which said damage, amounting to upwards of $35,000, plaintiff, by counterclaim, set-off, and recoupment, affirmatively sets off against the whole of said mortgage, plaintiff's said grantor being insolvent so that a money judgment in favor of plaintiff and against said grantor for the amount of said damage would be worthless, and that said mortgage should be delivered up and surrendered to plaintiff for cancellation, and be canceled of record.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The following is the opinion of Blackmar, J., referred to in the opinion:

The amended complaint, in addition to pleading with more particularity the facts set forth in the original complaint, alleges that the vendor of the land is insolvent. The plaintiff has also called my attention to the case of Davis v. Rosenzweig Realty Co., 192 N. Y. 128, 84 N. E. 943, 20 L. R. A. (N. S.) 175, 127 Am. St. Rep. 890, with which I was not familiar. The added allegation of the insolvency of the vendor, who perpetrated the fraud, and the doctrine in the case cited, to the effect that the vendee of land who rescinds the contract for fraud of the vendor in the sale cannot have a lien on the land for the purchase price paid under the contract, so affects the efficacy of the vendee's remedy by rescission that I am induced to once more examine the question.

Assuming the truth of the allegations of the complaint, a grievous fraud has been perpetrated on the plaintiff by the vendor. The false representations were of material facts, and entitle the plaintiff to such remedies as the law accords to a vendee who has been defrauded in the purchase of the land. It is elementary that such a vendee may either affirm the contract or rescind it. If he rescinds, he must tender back what he received, and he may recover the money he has paid on the purchase price. If he does not rescind, the contract is valid, and his remedy is an action at law for deceit. If, however, the purchase price is not fully paid and the vendor brings an action to recover it, the vendee may counterclaim the damages he has suffered from the vendor's fraud. This right existed at common law and was called recoupment. "At common law, and independently of the statutes of set-off, a defendant is in general entitled to retain, or claim by way of reduction, all just allowances or demands accruing to him, or payments made by him, in respect of the same transaction or account, which forms the grounds of action." So Judge Cullen quotes from Chitty on Pleadings in Deeves & Son v. Manhattan Life Insurance Co., 195 N. Y. 336, 88 N. E. 395. The defendant's right to recoup was limited to claims growing out of the transaction which constituted plaintiff's cause of action. The right of set-off of other independent claims was not known to the law, but was ahead of equity jurisdiction. Nichols v. Dusenbury, 2 N. Y. 286; Gillespie v. Torrance, 25 N. Y. 306, 82 Am. Dec. 355; Vassear v. Livingston, 13 N. Y. 248. A claim for damages for deceit in a sale could, at common law, be recouped in an action for the purchase price. Peck v. Brewer, 48 Ill. 54; Carey v. Guillow, 105 Mass. 18, 7 Am. Rep. 494; Cole v. Colburn, 61 N. H. 499; Avery v. Brown, 31 Conn. 398; Harrington v. Stratton, 22 Pick. (Mass.) 510; Dushane v. Benedict, 120 U. S. 630, 7 Sup. Ct. 696, 30 L. Ed. 810; Beecker v. Vrooman, 13 Johns. 302; McAllister v. Reab, 4 Wend. 483; Batterman v. Pierce, 3 Hill, 171; Van Epps v. Harrison, 5 Hill, 63, 40 Am. Dec. 314; Kingsland v. Haines, 62 App. Div. 146, 70 N. Y. Supp. 873; Delano v. Rice, 21 Misc. Rep. 714, 48 N. Y. Supp. 130, affirmed in 23 App. Div. 327, 48 N. Y. Supp. 295.

Recoupment was therefore a right in the vendee to defend against the vendor's action for the purchase price, or to reduce the amount of it to the extent of the damages suffered by him through the vendor's fraud or breach of covenant of warranty. At common law an assignee of a chose in action must sue in the name of the assignor. The remedy of recoupment was consequently available against an assigned claim for the purchase price. In this respect the common law is unchanged by our statute. A counterclaim as authorized by the Code includes recoupment. Section 501 of the Code (Deeves & Son v. Manhattan Life Insurance Co., supra), and it may be asserted against the assignee of a cause of action (section 502 of the Code).

At the time of the sale the mortgage now held by the defendant was owned by the vendor the McLaughlin Real Estate Company, and represented a part of the purchase price. The vendee in his deed assumed and agreed to pay the mortgage as part of the purchase price. An action against the present plaintiff to enforce the mortgage would be an action for the purchase price. In such an action the vendee could recoup the damages for fraud. The right of the plaintiff to resist the recovery of the purchase price, or, what is the

same thing, the foreclosure of the mortgage, by recouping its damages arising from the fraud in the sale of the property, is an equitable right which follows the mortgage into the hands of an assignee, and may be asserted against such assignee.  Littlefield v. Albany County Bank, 97 N. Y. 581; Trustees of Union College v. Wheeler, 61 N. Y. 88;  Bush v. Lathrop, 22 N. Y. 535.

We now reach the question whether the plaintiff, having the right to recoup its damages for the fraud against the mortgage, may maintain this action for that purpose.  One who has a defense against a mortgage may maintain an action to have it canceled as a cloud upon title.  Schoener v. Lissauer, 107 N. Y. 111, 13 N. E. 741.  But a right of recoupment is not a defense but a counterclaim.  Deeves & Son v. Manhattan Life Insurance Co., 195 N. Y. 324, 88 N. E. 395.  It is true that it is nearly akin to a defense, for it arises out of the same transaction, and the rule that it could be proved only under the allegations of a counterclaim was not established until the Deeves Case.  Under some circumstances an action in equity may still be maintained to set off one claim against another.  The modern action in equity is much broader in its scope than the old equitable suit for set-off.  That could be maintained only where the claims did not arise out of the same transaction, and where they were both liquidated.  No such limitations apply to the modern action for a set-off.  The modern action depends primarily on the inadequacy of the legal remedy.  Notwithstanding the statute allowing counterclaims, conditions arise where equity will entertain an action to set off one claim against another.  Such conditions usually are that there is no adequate remedy at law; that the two debts were contracted, one on the faith of the other, and there is some equitable reason why one should be deducted from the other.  In case of an assigned claim, the insolvency of the assignor is an important and sometimes controlling consideration in determining whether a suit in equity to set off may be maintained.  Smith v. Felton, 43 N. Y. 419.  It seems to me that all the conditions which would justify an action in equity for a set-off of plaintiff's claim for damages for the fraud of the McLaughlin Real Estate Company in the sale against the claim of the defendant, as assignee of the McLaughlin Company for a portion of the purchase price represented by the bond and mortgage, exists in this case.  The assignor is insolvent, and the remedy against it by an action at law for deceit, or by an action in equity for rescission, and the recovery of the purchase money, would be futile.  The obligation of the plaintiff was incurred in reliance upon the fraudulent representations of the vendor, and it is inequitable that the obligations for the purchase money should be enforced without allowing a deduction therefrom of the damages caused by the false representations.  The remedy which the law gives of interposing a counterclaim under section 502 of the Code is not adequate, for in the meantime the plaintiff has on its hands a tract of vacant property which it cannot sell except subject to the defendant's mortgage. Under all these circumstances I think that an action may be maintained by the plaintiff which combines the remedies of an action to remove a cloud upon title and an action in equity for a set-off.  Davidson v. Alfaro, 80 N. Y. 660; Rothschild v. Mack, 115 N. Y. 1, 21 N. E. 726;  Lindsay v. Jackson, 2 Paige, 581;  Gay v. Gay, 10 Paige, 369.

I am inclined to think that this action cannot be maintained upon the theory that the McLaughlin Company is accountable to the plaintiff for the mortgage in question as representing profits made upon the sale of the property under the doctrine of Colton Improvement Co. v. Richter, 26 Misc. Rep. 26, 55 N. Y. Supp. 486, and Midwood Park Co. v. Baker (Sup.) 128 N. Y. Supp. 954.  In this case, the Worcester Parties, who organized the purchasing company, knew that they were purchasing from the McLaughlin Real Estate Company, which held the title by its dummy, McLaughlin's sister.  The cause of action is based upon the fraudulent representation, as I read the complaint, and cannot be maintained upon the theory that the mortgage represents a concealed profit illegally obtained by parties who owed a fiduciary relation to the plaintiff.

The demurrer does not raise the question whether all necessary parties are before the court, and therefore this question is not considered.

The demurrer is overruled, and judgment directed for the plaintiff, with

costs, and with leave to the defendant to withdraw the demurrer and answer on payment of said costs within 20 days.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Thomas G. Flaherty, of New York City, for appellant.
Samuel Evans Maires, of Brooklyn, for respondent.

THOMAS, J. It appears by the opinion of Mr. Justice Blackmar that the action can be maintained only for the purpose of set-off, and that conclusion is approved. For that purpose the second mortgage is regarded as valid. The plaintiff as grantee seems to have assumed but one of the second mortgages. This does not preclude the maintenance of the action. The counterclaim is based upon a cause of action for deceit, which is connected with a cause of action for the foreclosure of the mortgage. In such action for foreclosure the holder of one of the mortgages could not have judgment for deficiency against the present plaintiff, but such judgment could deprive it of the naked title to the land, which carried with it the equity of redemption. As the complaint shows the grantee bought the right of redemption upon a representation that the second mortgage entered into the cost of the land, and in this same transaction the grantor delivered the title of the land, which carried the right to redeem from the mortgage, so, while the grantor would foreclose upon a mortgage that involved no personal claim against the grantee, yet the judgment would oust the grantee from the possession of the land covered by the mortgage, and destroy his title and right to redeem, which rights are—

"connected with the subject of the action, and grew out of the same transaction as the cause of action to foreclose the mortgage so far as the grantee is related to it."

In Seligman v. Dudley, 14 Hun, 186, it is said—

"that a party to an action to foreclose a mortgage, against whom either a personal judgment or one which may operate to transfer his estate in the land is sought, has a right to set up a counterclaim as a defense to the action, and that the case of Agate v. King, 17 Abb. Prac. 159, so far as it asserts a contrary principle, ought not to be approved. Lathrop v. Godfrey, 3 Hun, 739."

In Lathrop v. Godfrey, 3 Hun, 739, it was presumed that the defendant was liable for the deficiency, and it was considered that the damages for deceit could be set off against the mortgage under foreclosure, or, as is stated, "at all events, upon the personal covenant of Mrs. Godfrey." It is also stated that:

"The right of a defendant in a foreclosure suit, who is personally liable for the debt, or whose land is bound by the lien, to introduce a set-off to reduce or extinguish the claims was recognized by Comstock, J., in National Fire Insurance Co. v. McKay, 21 N. Y. 191, and see Hunt v. Chapman, 51 N. Y. 555."

The cogent reasoning of Blackmar, J., is applicable even in the absence of personal liability on the part of the plaintiff, resting alone upon the subjection of the land to the mortgage. Although the defendant has not suggested that there is a defect of parties, the trial court

may find that there is such defect as to make it inequitable to adjudge the set-off without bringing in other parties. If, for illustration, the Bailey action should be first tried, and the plaintiff should establish its damages and set them off against the amount due on the mortgage owed by Bailey, the damages so recovered should be credited on the plaintiff's demand in the Millbourne Case. Perchance such damages may extinguish the Bailey bond and mortgage, and let the Millbourne mortgage go free; or perchance there may be no recovery, or such a recovery in the Bailey Case as would not extinguish the mortgage. May the Millbourne action then proceed? The defendant in one action will not be privy or bound by a judgment in it. But the trial court will deal with difficulties as they arise.

The interlocutory judgment in each case should be affirmed, with costs, with leave to the defendant to plead over upon payment of costs. All concur.