DOUGHTY et al. v. WESTON et al.

(Supreme Court, Appellate Term, First Department. May 6, 1915.)

1. ASSIGNMENTS ⊚⟶57—NOTICE TO DEBTOR—NECESSITY.
    Notice to a debtor of the assignment of a debt is unnecessary. ·
    [Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 116–120; Dec. Dig. ⊚⟶57.]

2. PLEADING ⊚⟶380—EVIDENCE ADMISSIBLE UNDER PLEADINGS—"INSOLVENCY."
    In an action in aid of an attachment, in which the chairman of a committee of the creditors of the attachment debtor was interpleaded and set up a claim to the amount due by an assignment from the attachment debtor, an assignment which did not conform to Debtor and Creditor Law (Consol. Laws, c. 12) § 3, relative to assignments by a debtor to his assignee for creditors, was not inadmissible under the answer, which alleged that the attachment debtor was unable to pay its debts, and called a meeting of its creditors, at which a committee was appointed, and that the attachment debtor assigned to the interpleaded defendant its claim to the sum due, to apply it on the debts of the attachment debtor; the allegations of the answer not necessarily calling for an assignment of the class covered by the statute, as it did not show that the assignment was a general assignment, and it did not appear therefrom that the assignor was insolvent; there being a difference between "insolvency" and an inability to pay debts.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1237, 1239–1252; Dec. Dig. ⊚⟶380.
    For other definitions, see Words and Phrases, First and Second Series, Insolvency.]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⊚⟶54—REQUISITES—STATUTORY PROVISIONS.
    Where an assignment to the chairman of a committee of the assignor's creditors was not a general assignment of property, but only an assignment of a particular debt and some other claims, and was apparently in accordance with some special plan agreed upon, and it did not appear that the assignor was insolvent, it was not required to conform to Debtor and Creditor Law, § 3, relative to assignments for the benefit of creditors.
    [Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 213, 214, 228, 229; Dec. Dig. ⊚⟶54.]

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⊚⟶343—RIGHT TO CONTEST—VALIDITY.
    An assignment of a chose in action, even if voidable as to creditors, because not in compliance with Debtor and Creditor Law, § 3, relative to assignments for the benefit of creditors, was valid as against the assignor and attaching creditors, and could be called in question only in a judgment creditor's action, and could not be attacked in an action in aid of an attachment; no execution having been returned unsatisfied, as required by Code Civ. Proc. § 1871, before a judgment creditor may maintain an action to compel the discovery of any thing in action or other

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

property belonging to the judgment debtor, and to procure satisfaction of plaintiff's demand.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 1050–1052; Dec. Dig. 343.]

Appeal from City Court of New York, Trial Term.

Action by Richard Doughty and another against the Sicilian Asphalt Paving Company, in which Sidney F. Weston, as chairman of a committee of creditors of the Felber Engineering Works, was interpleaded as defendant. From a judgment for plaintiffs, entered after a trial by the court without a jury, the interpleaded defendant appeals. Reversed, and new trial ordered.

The allegations of the answer as to the assignment mentioned in the opinion were as follows:

Fifth. This defendant further shows to the court that on or about the 9th day of April, 1914, Felber Engineering Works, a foreign corporation organized and existing under the laws of the state of Connecticut, mentioned and referred to in the supplemental complaint herein, being unable to pay its debts, called a meeting of its creditors; that nearly all of the creditors of said corporation, including the plaintiff Richard Doughty and this defendant, attended said meeting, which was held in the borough of Manhattan, city of New York; that with the consent of the plaintiff Richard Doughty a committee was appointed at said meeting by said creditors for the protection of the rights of said creditors, and to devise a plan for the liquidation of the debts of the said corporation, and of said committee this defendant was appointed chairman; that on or about the 1st day of July, 1914, and prior to the beginning of the action brought by the plaintiff Richard Doughty against the said corporation, as alleged in the amended supplemental complaint, the said Felber Engineering Works, being then entitled to receive from the Sicilian Asphalt Paving Company, the original defendant in this action, the sum of $1,533, for a valuable consideration, and in pursuance of the plan devised by this defendant and the other members of the committee of creditors of the said corporation for the liquidation of its indebtedness, transferred, assigned, and set over to this defendant its claim to the said sum of money and all its right, title, and interest therein for the express purpose of applying the same on account of the debts of the said corporation, which were and are largely in excess of said sum; and that on or about the 6th day of July, 1914, before the beginning of the action brought by the plaintiff Richard Doughty, against said corporation, and before the attachment alleged in the amended supplemental complaint herein, this defendant duly notified the said Sicilian Asphalt Paving Company of said assignment.

Argued April term, 1915, before BIJUR and PENDLETON, JJ.

Frederick M. Harris, of New York City, for appellant.
Sidney R. Lash, of New York City, for respondents.

PENDLETON, J. The action was brought originally in aid of an attachment by the plaintiff in the attachment suit and the sheriff holding the attachment to compel payment of a debt due by defendant to the plaintiff in the attachment suit. The defendant paid the money into court and interpleaded an alleged assignee of the debt, who has appeared and is the appealing defendant, and he now claims the debt was assigned to him before the levy by the sheriff under the attachment.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The defendant on the trial offered in evidence an assignment to him of the debt in question in writing by the defendant in the attachment suit, dated long prior to the levy under the attachment, after evidence of delivery and of notice thereof to the debtor. This was excluded, and the court directed judgment for plaintiffs, holding that the debt had not been assigned. The ground of the refusal to admit the assignment in evidence, as given by the court, was that "it had not been served" on the Sicilian Asphalt Company, the debtor (folio 152, printed case).

[1-3] It is very clear that the reason given is untenable. Notice even of the assignment to the debtor is unnecessary (Columbia Bank v. Equitable Assur. Soc., 61 App. Div. 594, 70 N. Y. Supp. 767); but, if it were, the evidence (Exhibit B) shows such notice. Plaintiffs' objection to the paper was not confined to the reason given by the court, and the ruling is now sought to be sustained on the ground that the assignment did not conform to the requirements of section 3 of the Debtor and Creditor Law relating to assignments commonly known as insolvent general assignments for the benefit of creditors. The question is presented in a twofold aspect: First, that the assignment offered is inadmissible under the pleadings, because nothing less than an assignment in accordance with the statute would satisfy the allegations of the answer; and, second, that the assignment offered was invalid or ineffective as an assignment as against plaintiff, because not made in the form prescribed by said statute. Neither ground is well taken. The allegations of the answer do not necessarily call for, nor do the circumstances require, an assignment of the class covered by that statute. Conformity with the statute was required neither by the allegations of the answer nor the facts. That statute relates to general assignments by insolvents of all their property to an assignee for the benefit of creditors, to be administered by the assignee in accordance with the rules of law applicable to such proceedings. The assignment in question was not a general assignment of property, but only of the debt in question and some other claims. It is not alleged in the answer, nor does it appear that the assignor was insolvent. There is a vast difference between insolvency and inability to pay debts. It was not made to an assignee for creditors, such as is contemplated in the statute, but apparently to a committee in accordance with some special plan agreed upon.

[4] It was unnecessary, therefore, either to conform to allegations of the answer or to establish the validity of the assignment that it should be shown to conform to the requirement of the statute in question. Moreover, assignments of choses in action, even if voidable as to creditors, are valid as against the assignor and attaching creditors. They cannot be called in question, except by a judgment creditor's action. Throop Grain Cleaner Co. et al. v. Smith, 110 N. Y. 83, 17 N. E. 671; Thurber v. Blanck et al., 50 N. Y. 80. Although judgment had been rendered in the attachment suit, this was an action in aid of the attachment, and not a judgment creditor's action, as execution had not been returned unsatisfied—a necessary prerequisite to such a judgment creditor's action (section 1871, Code).

The refusal to admit the assignment in evidence was error, and

judgment must be reversed, and new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.