(174 App. Div. 212)

## DOUGHTY et al. v. WESTON.

(Supreme Court, Appellate Division, First Department.    October 20, 1916.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬤➡295(1)—RIGHT TO CONTEST—FORM OF ACTION.

Where an assignment for the benefit of creditors becomes effective, so as to transfer title to a claim to the assignee or committee, and where a creditor was entitled for any reason to attack the validity, he would have to seek relief in another form than in an action in aid of an attachment against the assignor.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 853, 855; Dec. Dig. ⬤➡295(1).]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬤➡44—CONDITIONS—EFFECT.

Where a creditor assigned a claim to an assignee or committee solely in order that the amount realized should be used in making a cash payment suggested in its proposition to its creditors, on the condition that the settlement was not to be carried out or the payment made unless all the creditors agreed thereto, the assignment was never effective, where not so agreed to.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 173–197; Dec. Dig. ⬤➡44.]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS ⬤➡193—ATTACHMENT—INDEBTEDNESS TO DEBTOR.

In such case, the claim purported to be assigned by the debtor was subject to attachment in the hands of the assignee.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 196, 594–601; Dec. Dig. ⬤➡193.]

Appeal from Appellate Term, First Department.

Action by Richard Doughty and Max S. Grifenhagen, as sheriff, etc., against the Sicilian Asphalt Company, in which Sidney F. Weston, as chairman of the committee of creditors of the Felber Engineering Works, was interpleaded. From a determination of the Appellate Term, affirming a judgment of the City Court in favor of the defendant, entered upon the direction of a verdict, plaintiffs appeal. Determination and judgment reversed, and new trial ordered.

See, also, 90 Misc. Rep. 304, 152 N. Y. Supp. 1035; 156 N. Y. Supp. 1120.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and SMITH, JJ.

Sidney R. Lash, of New York City, for appellants.
Frederick M. Harris, of New York City, for respondent.

SCOTT, J.    The action is brought in aid of an attachment which was issued in an action by the plaintiff Richard Doughty against the Felber Engineering Works, a foreign corporation.    The attachment was served upon the Sicilian Asphalt Company, a debtor of the said Felber Engineering Works, and this action was originally brought against the said Asphalt Company, which interpleaded the defendant, alleging that it had been notified by said defendant, some 23 days before the attachment was issued, that he claimed to be entitled to the

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

payment of the sum due under an assignment from the Felber Engineering Works.

[1] The question in the case is whether or not that assignment ever became effective, so as to transfer title to the claim to said defendant. If it did become effective, and the plaintiff Doughty is entitled for any reason to attack its validity, he must seek relief in another form of action. Throop Grain Cleaner Co. v. Smith, 110 N. Y. 83, 17 N. E. 671; Thurber v. Blanck, 50 N. Y. 80; Doughty v. Weston, 90 Misc. Rep. 304, 152 N. Y. Supp. 1035. If, however, as plaintiff claims, the assignment, although executed, never became effective, so as to pass title to defendant, the plaintiffs may recover the fund in this action.

[2, 3] It appears that the Felber Engineering Works had come to a point where it was unable to pay its creditors in cash. It does not appear that it was actually insolvent, for it seems to have had property which possessed value, but was not readily convertible into cash. A meeting of its creditors was called, at which a number of the creditors, including the plaintiff Doughty, appeared, and a committee was appointed, consisting of defendant and two others, to investigate the affairs of the company and to submit a report thereof and a recommendation as to the best procedure to secure payment in full of all creditors without legal proceedings. Subsequently the Felber Engineering Works made an offer to its creditors by which it proposed to pay 25 per cent. of its indebtedness in cash and 75 per cent. in notes. For the payment of the cash it relied upon collecting the amount due from the Sicilian Asphalt Company. The acceptance of this offer was strongly urged by defendant and his committee, and a large proportion of the creditors, but never all of them, agreed to accept it. The assignment of the claim against the Sicilian Asphalt Company was made, in writing, to defendant in his capacity as chairman of the creditors' committee, and was a voluntary one, resting upon no consideration save a nominal one. The defendant makes no personal claim to the fund, except as chairman of the creditors' committee, and concededly the assignment was made and accepted only in order that the Felber Works' offer to pay 25 per cent. in cash might be carried out if accepted by the creditors.

It becomes important, therefore, to determine the conditions upon which the assignment was made and accepted, and to ascertain whether or not those conditions were ever complied with. It is well settled that in case of an assignment or other instrument, absolute in form and actually delivered, which is executed for a particular purpose and is intended to become effective only if certain conditions are fulfilled, an inquiry may be made as to whether or not the conditions ever were fulfilled, and if it appears that they were not, the instrument will be held never to have become effective. Holbrook v. Truesdell, 100 App. Div. 12, 90 N. Y. Supp. 911; Smith v. Dotterweich, 200 N. Y. 299, 93 N. E. 985, 33 L. R. A. (N. S.) 892; Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32. Concededly, as has been said, the assignment of the claim to defendant was made solely in order that the sum should be used in making the cash payment suggested in the proposi-

tion submitted to the creditors, and there is ample evidence in the case to justify a finding that it was the understanding of the defendant that the settlement was not to be carried out, and the cash payment of 25 per cent. was not to be made as a part of that settlement, unless all the creditors agreed thereto, which all of them never did. This evidence is to be found in letters signed by defendant urging creditors to accept the proposed settlement, because it would not become effective without the concurrence of all. If the assignment was made upon the condition referred to, which was never fulfilled, the consideration for the assignment failed, and it never became effective to divest the Felber Engineering Works of title to the fund, and to invest such title in defendant, and the claim became subject to attachment.

The determination and judgment appealed from are therefore reversed, and a new trial granted, with costs in all courts to the appellant to abide the event. Settle order on notice. All concur.