### In re COLWELL LEAD CO.

#### (District Court, S. D. New York. March 9, 1917.)

#### No. 60.

1. COURTS ☞365—DECISIONS OF STATE COURT—INTERPRETATION BY FEDERAL COURT—VALIDITY OF ASSIGNMENT.

In a proceeding involving the validity of the bankrupt's assignment for creditors, the bankruptcy court will treat the matter as undecided by the state court, where the judge of the state court, in making an order involving such premises, filed no opinion showing that he adjudged the assignment invalid, and the parties were disagreed as to that fact.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 950, 952, 955, 969–971.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS ☞66, 68—VALIDITY.

Stock Corporation Law (Consol. Laws N. Y. c. 59) § 66, declares that no corporation which shall have refused to pay any of its notes or other obligations when due shall transfer any of its property to any of its officers on any other consideration than the full value of the property paid in cash. Debtor and Creditor Law (Consol. Laws N. Y. c. 12) § 3, declares that every conveyance or assignment made by a debtor of his estate shall be in writing, and shall state the residence and business carried on by the debtor, that such conveyance or assignment shall be acknowledged before an officer authorized to take the acknowledgment of deeds, and shall be recorded in the county clerk's office in the county where such debtor shall reside, etc., and that the assent of the assignee, subscribed and acknowledged by him, shall appear in writing embraced in, or at the end of, or indorsed upon, the assignment before it is recorded. A corporation which was indebted executed an assignment of a mortgage to one of its officers as trustee for the benefit of its creditors; but the same was not acknowledged, nor did the purported assignment contain any assent by the trustee. Held that, as the trustee performed no acts under the assignment which could make it effective, the assignment is invalid; there having been no compliance with the statute.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 167, 261–270.]

3. BANKRUPTCY ☞293(3)—COURTS—JURISDICTION.

One named as assignee for the benefit of creditors is not an adverse claimant, and the bankruptcy court can in a summary proceeding dispose of the validity of the assignment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 411.]

4. BANKRUPTCY ☞154—SET-OFF—RIGHT TO CLAIM.

Bankr. Act July 1, 1898, c. 541, § 68b, 30 Stat. 565 (Comp. St. 1916, § 9652), declares that a set-off or counterclaim shall not be allowed any debtor of the bankrupt which is not provable against the estate or was purchased by or transferred to him after the filing of the petition, or within four months before such filing, with a view to such use, and with knowledge or notice that the bankrupt was insolvent, or had committed an act of bankruptcy. The owner of the equity of redemption in property against which a bankrupt had a mortgage by one of its officers acquired a judgment against the bankrupt more than six months before the filing of the petition. It did not appear that such judgment was acquired with a view to use as a set-off against the claim of the bankrupt on the mortgage. Held, that such judgment might be offset against interest due on the mortgage; section 68a declaring that, in all cases of mutual debts or mutual credits between the estate of the bankrupt and a creditor, the account shall be stated, and one debt set off against the other.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 451–455.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. BANKRUPTCY ⬥154—SET-OFFS—PERSONS ENTITLED TO SET-OFF.

 The owner of the equity of redemption in property subject to a mort-gage, though not liable on the bond of the mortgage, may offset against interest due a judgment against the mortgagee which had become bank-rupt.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 451–455.]

In Bankruptcy. In the matter of the bankruptcy of the Colwell Lead Company. On petition of the American Enameling Company to set off as against interest due on a mortgage a judgment rendered against the bankrupt. Petition granted.

R. B. Honeyman and Albert J. Baruth, both of New York City, for Colwell Lead Co.

Herbert McKennis, of New York City, for Grace E. Walker.

Rearick, Dorr & Travis, of New York City, for City of Worcester.

Louis Reed, of New York City, for Virginia Kent White.

Engelhard, Pollak, Pitcher & Stern, of New York City, for peti-tioner American Enameling Co.

Henry W. Sykes, of New York City, for other petitioner.

Williams, Folsom & Strouse, of New York City, for creditors and trustee.

MANTON, District Judge. The bankrupt owned a mortgage of $90,000 upon the plant of the petitioner, the American Enameling Com-pany of Elizabethport, N. J. The Eastern Sanitary Enameling Com-pany gave its bond and this mortgage as the predecessor in interest of the American Enameling Company. On October 26, 1916, a petition in bankruptcy was filed against the Colwell Lead Company, and it was adjudicated a bankrupt on November 9, 1916; the court appointing A. F. Ward, Esq., trustee. On April 1, 1916, the bankrupt, by an alleged assignment, transferred this mortgage to Frederick J. Sherman, an of-ficer of the bankrupt, for the benefit of creditors. This instrument recites:

 "Whereas, at a meeting of creditors this company was requested to transfer certain of its assets in trust to W. D. Campbell, of Campbell, Heath & Co., J. R. Wettstein, of the United Lead Company, and Karl Legner, of the Standard Sanitary Manufacturing Company, or such trustee as might be selected by them to secure the claims of the said creditors; and

 "Whereas, at a meeting of stockholders of the Colwell Lead Company the officers and directors were authorized and directed to comply with the said request of the said creditors and to transfer assets to secure the claims of creditors, and Frederick J. Sherman having been duly selected to act as Trustee of said assets to be liquidated by and under the direction of W. D. Campbell, J. R. Wettstein, and Karl Legner. * * *"

And further recites:

 "Said property is assigned and transferred as security for the payment of the indebtedness of the Colwell Lead Company to creditors shown on schedule 1 of the report of the financial condition of the said Codwell Lead Company dated December 31, 1915, made by Louis Lubin & Co., being all the known creditors of this company, and are assigned with full right, authority, and power on the part of the said W. D. Campbell, J. R. Wettstein, and Karl Legner to sell, assign, and dispose of the same at any time thereof, at such times and in such conditions as to them, or a majority of them, may seem proper in conformity with the authority conferred upon the officers of this

company by resolution of the stockholders passed at a. meeting held on the 16th day of February, 1916, and ratified and confirmed by said stockholders on the 15th day of March, 1916."

Shortly after said alleged assignment, a receiver of the bankrupt was appointed in the state court. The petitioner purchased a judgment obtained by the German-American Stoneware Works on February 23, 1916, amounting to $677.54, and seeks to set this off as against the interest on the mortgage, which is now due.

The questions presented are: First, as to whom this payment should be made, whether to Sherman or to the trustee; and, second, is the petitioner entitled to this set-off?

[1] The assignment of the judgment was taken in the name of Joseph A. Durkin, one of the officers of the petitioner; but he, by affidavit, asserts that he held it as trustee for the benefit of the petitioner. The fact is established that it is the owner of the judgment. The trustee insists upon payment to him of the full amount of the interest, and Sherman makes the same claim. The petitioner claims that heretofore, in an action in the state court, it has been adjudicated that the assignment to Sherman is void. This the trustee denies, and argues that the order of Hon. Edward J. Gavegan in the state Supreme Court was granted upon other grounds. Since Judge Gavegan wrote no opinion, I am not informed of the reasons for his granting the order in question, and shall, therefore, not treat the subject as having been decided by the state court.

[2] The original assignment of this mortgage to Sherman has been submitted by counsel for the trustee. Its examination shows execution by the respective parties. It is not acknowledged, and therefore is not such an instrument as might be recorded. I think the alleged assignment is void. Section 66 of the Stock Corporation Law provides:

"No corporation which shall have refused to pay any of its notes or other obligations, when due, in lawful money of the United States, nor any of its officers or directors, shall transfer any of its property to any of its officers, directors or stockholders, directly or indirectly, for the payment of any debt, or upon any other consideration than the full value of the property paid in cash."

Section 3 of the Debtor and Creditor Law provides:

"Requisites of general assignment: Every conveyance or assignment made by a debtor of his estate, real or personal, or both, to an assignee for the creditors of such debtor, shall be in writing, and shall specifically state therein the residence and kind of business carried on by such debtor at the time of making the assignment, and the place at which such business shall then be conducted, and if such place be in a city, the street and number thereof, and if in a village or town such apt designation as shall reasonably identify such debtor.

"Every such conveyance or assignment shall be duly acknowledged before an officer authorized to take the acknowledgment of deeds and shall be recorded in the county clerk's office in the county where such debtor reside or carry on his business at the date thereof. An assignment by copartners shall be recorded in the county where the principal place of business of such copartners is situated. An assignment by a corporation shall be recorded in the county where its principal place of business is situated. When real property is a part of the property assigned, and is situated in a county other than the one in which the original assignment is required to be recorded, a certified copy of such assignment shall be filed and recorded in the county where such property is situated.

"The assent of the assignee, subscribed and acknowledged by him, shall appear in writing, embraced in or at the end of, or indorsed upon the assignment, before the same is recorded, and, if separate from the assignment, shall be duly acknowledged."

I think this alleged assignment must be construed as intended for the benefit of the creditors and must comply with the Debtor and Creditor Law. This it does not do. The assignee has not consented thereto in writing, it has not been recorded in the county of New York, and does not come within the requirements of section 3. To make a valid assignment, such as was attempted here, it was mandatory that the statutory provisions be complied with. Britton v. Lorenz, 45 N. Y. 51; Schwartz v. Soutter, 41 Hun (N. Y.) 325. The failure to obtain the written consent of the assignee renders the instrument void ab initio. Rogers v. Pell, 154 N. Y. 518, 49 N. E. 75; Young v. Stone, 61 App. Div. 364, 70 N. Y. Supp. 558; McIlhargy v. Chambers, 117 N. Y. 532, 23 N. E. 561.

It appears by the affidavits that all that Sherman ever did under this assignment was to open a bank account, and make a deposit of $2,700, which he later paid over to Brewster, the receiver in the state court. Sherman never paid the creditors anything of his receipts, and therefore the purposes for which the assignment was made were not carried out. In Doughty v. Weston, 174 App. Div. 212, 160 N. Y. Supp. 1075, Scott, J., said:

"It is well settled that in the case of an assignment or other instrument. absolute in form and actually delivered, which is executed for a particular purpose and is intended to become effective only if certain conditions are fulfilled. an inquiry may be made as to whether or not the conditions ever were fulfilled, and if it appears that they were not, the instrument will be held never to have become effective."

[3] I therefore am of the opinion that the assignment was void, and that Sherman had no claim to the interest. Sherman was served with the papers on this application. He is named as assignee for the benefit of creditors, not as an adverse claimant, and this court has jurisdiction of him in a summary proceeding. Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; In re Stewart, 179 Fed. 222, 102 C. C. A. 348; In re Stokes (D. C.) 106 Fed. 312.

[4, 5] The judgment was obtained before the filing of the petition in bankruptcy and the assignment thereof made to the petitioner. Under section 68, subdivision "B":

A "set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (first) is not provable against the estate; or (second) was purchased by or transferred to him after the filing of the petition, or within four months before such filing, with a view to such use and with knowledge or notice that such bankrupt was insolvent, or had committed an act of bankruptcy."

From the facts shown on this application, it appears that the judgment was not purchased with a view to a set-off by the affidavits of Kupfer and Durkin, nor after the filing of the petition, or within four months before such filing, with a view to such use and with knowledge or notice that the bankrupt was insolvent or had committed an act of bankruptcy. Section 68a provides that, in all cases of mutual debts or

mutual credits between the estate of the bankrupt and a creditor, the account shall be stated, and one debt shall be set off against the other, and the balance only shall be allowed or paid.

The judgment was purchased May 1, 1916, and the petition filed October 26, 1916, six months before the bankruptcy. Nor does the fact that the American Enameling Manufacturing corporation is not on the bond disentitle the petitioner to a set-off. It owns the equity of redemption. Worcester-Brooklyn Realty Co. v. Bailey, 161 App. Div. 935, 146 N. Y. Supp. 59. All the authorities are in favor of allowing this set-off. Rolling Mill Co. v. Ore & Steel Co., 152 U. S. 596, 14 Sup. Ct. 710, 38 L. Ed. 565.

The petition will be granted, with direction to pay the interest on the mortgage, less the amount of the judgment, with interest thereon, to the trustee in bankruptcy.